■ PETER LANGHAM et al., Appellants, v STATE OF NEW YORK et al., Respondents.—Kane, J. P.

The individual plaintiffs are teachers working for various Boards of Education throughout New York State who belong to unions affiliated with plaintiff New York State United Teachers (NYSUT). The school districts in which the teachers are employed participated in the State Health Insurance Plan pursuant to Civil Service Law § 163. Under this plan, two workers in the same family employed by the participating public employer could each obtain family coverage in the plan. In a memorandum issued by the Department of Civil Service, participating employers were informed that, as a result of negotiations with State employees' unions, effective January 1, 1983, there would be no more dual family coverage. Accordingly, the individual plaintiffs were required to switch either their own or their spouse's coverage from family to individual coverage, so that only one member of each family could be enrolled in family coverage.

During 1983, NYSUT's general counsel and respondent Director of Employee Insurance for the Department of Civil Service engaged in discussions and sent correspondence regarding the elimination of dual family enrollment. In 1983, three individuals, unconnected with plaintiffs, filed suit challenging the propriety of the elimination of dual family status. This suit was eventually settled and plaintiffs received a copy of the stipulation of settlement on January 3, 1984. The stipulation provided that, effective January 1, 1984, any employee of a participating employer who is eligible to participate in the State Insurance Plan may again elect dual family enrollment. Further, the stipulation provided for the retroactive availability of dual family enrollment effective to January 1, 1983. However, the availability of the retroactive provision was limited to individuals employed in a negotiating unit represented by the New York Educators Association (NYEA) (this was apparently the union that represented the individuals who instituted the suit).

In March 1984, a representative of NYSUT requested that NYSUT members be accorded the same opportunity for retroactive dual enrollment that had been given NYEA members. This request was denied on March 8, 1984. Plaintiffs then instituted the instant action for declaratory and injunctive

relief on June 4, 1984. The eight causes of action in the complaint were in essence premised on the fact that the Department granted retroactive benefits to NYEA members while denying them to plaintiffs. Defendants interposed a motion to dismiss the complaint, claiming, *inter alia,* that the action was untimely commenced under CPLR 217. Special Term agreed and dismissed the action. This appeal ensued.

Plaintiffs argue that Special Term erred in dismissing their complaint. Specifically, they assert that their action should be governed by the six-year residual period of CPLR 213 (1),* or in the alternative, that even if it is governed by the four-month period of CPLR 217, it was timely. These arguments should be rejected.

Initially, since this declaratory judgment action is brought against a governmental body and officials to resolve a dispute which could be settled by a CPLR article 78 proceeding, the four-month limitations period of CPLR 217 governs *(see, Lenihan v City of New York,* 58 NY2d 679, 682; *Solnick v Whalen,* 49 NY2d 224; *cf. Matter of Kovarsky v Housing & Dev. Admin.,* 31 NY2d 184). Having so concluded, we turn to plaintiffs' alternative contention that the action was commenced within this four-month period. In this regard, plaintiffs assert that the cause of action accrued on March 8, 1984, when their request for retroactive treatment, made earlier that month, was denied. We are unable to accept this contention.

In an action such as this, akin to a proceeding in the nature of mandamus to review *(see, Matter of De Milio v Borghard,* 55 NY2d 216), the limitations period begins to run when the determination was final and binding on plaintiffs—that is, the point when the action had impact on plaintiffs, or when it was clear that they were aggrieved *(see, Matter of Cabrini Med. Center v Axelrod,* 107 AD2d 965; *cf. Matter of Queensborough Community Coll. v State Human Rights Appeal Bd.,* 41 NY2d 926). Applying this standard to the facts in the instant case indicates that the latest point at which this action accrued was when plaintiffs received the stipulation of settlement in the other case. It was at this point that they learned that the benefits were being extended retroactively to only employees in bargaining units represented by NYEA. Accordingly, their action, which was premised precisely on such unequal treat-

---

* Plaintiffs also assert that the contractual limitations period of CPLR 213 (2) should govern. However, the record contains no evidence of a contractual relationship between the affected employees and the State defendants.

ment, could have been brought at any point after January 3, 1984. Plaintiffs' March 1984 request that retroactive benefits be extended to them and the associated denial did not extend the limitations period (see, Matter of Cabrini Med. Center v Axelrod, supra; Matter of Seidner v Town of Colonie, 79 AD2d 751, affd 55 NY2d 613). Choosing March 8, 1984 as the date on which the determination became binding and final, as plaintiffs now suggest we do, ignores the reality of the situation in that the unequal treatment which is the basis for the entire action began in January 1984 (cf. Matter of De Milio v Borghard, supra, p 222).

Judgment affirmed, without costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.