■ PAUL DiMIERO et al., Respondents, v LIVINGSTON-STEUBEN-WYOMING COUNTY BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Appellants. [606 NYS2d 92] —Cardona, J. Appeal from an order of the Supreme Court (Kahn, J.), entered September 21, 1992 in Albany County, which, inter alia, denied defendants' motion for summary judgment or, alterna-

tively, for conversion of the action to a CPLR article 78 proceeding.

Plaintiffs, employed by defendant Livingston-Steuben-Wyoming County Board of Cooperative Educational Services (hereinafter BOCES) as occupational therapists, an occupational therapy assistant and a physical therapist, commenced this declaratory judgment action under CPLR article 30 challenging the determination of defendant New York State Teachers' Retirement System (hereinafter NYSTRS) that plaintiffs were erroneously enrolled in NYSTRS and seeking continued and uninterrupted membership in NYSTRS from the date of their original employment. Defendants answered raising as affirmative defenses, *inter alia,* that the action should have been brought as a CPLR article 78 proceeding and that it was time barred. Thereafter, NYSTRS and defendant New York State and Local Employees' Retirement System (hereinafter NYSERS) moved for summary judgment or, alternatively, to convert the action to a CPLR article 78 proceeding and have it dismissed as time barred.[1] Defendants also sought a protective order to quash the notice of deposition as improper in a CPLR article 78 proceeding.

Plaintiffs cross-moved to amend their complaint to add claims premised upon defendants' alleged violations of the Due Process Clauses of the State and Federal Constitutions, insofar as defendants utilized, interpreted or applied Education Law § 501 (4) to deny plaintiffs membership in NYSTRS. Plaintiffs also alleged that the application of Education Law § 501 (4)[2] and its impact on plaintiffs was violative of NY Constitution, article V, § 7.[3] Plaintiffs also moved for discovery. Supreme Court denied defendants' motion for summary judgment and did not convert the action to a proceeding pursuant to CPLR article 78. The court granted plaintiffs' cross motion to amend the complaint and for discovery. Defendants appeal.

We reverse. Although a declaratory judgment action is the

---

1. BOCES also moved to dismiss the action as untimely and without merit.

2. Education Law § 501 (4) provides that NYSTRS has exclusive authority to determine who is a teacher or other professional for membership in NYSTRS.

3. This provision prohibits unilateral action diminishing the amount of retirement benefits to which members were lawfully entitled at the time they entered the retirement system *(see, e.g., Civil Serv. Empls. Assn. v Regan,* 71 NY2d 653; *Kleinfeldt v New York City Employees' Retirement Sys.,* 36 NY2d 95).

proper procedural vehicle to challenge the constitutionality of a legislative enactment *(see, Press v County of Monroe,* 50 NY2d 695; *Axelrod v New York State Teachers' Retirement Sys.,* 154 AD2d 827), a CPLR article 78 proceeding is proper when determining whether a legislative enactment has been applied in an unconstitutional manner *(see, Matter of Top Tile Bldg. Supply Corp. v New York State Tax Commn.,* 94 AD2d 885, *appeal dismissed* 60 NY2d 653, *appeal dismissed* 465 US 1095). Plaintiffs in their original complaint allege that they are entitled to NYSTRS membership upon their belief that they are members of the "teaching and supervisory staff" of their school district as defined in Civil Service Law § 35 (g), "teachers or instructors" as defined in Retirement and Social Security Law § 40 (b) (1) (e) and members of the "teaching or professional staff" as defined in Education Law § 501 (4). As such, plaintiffs contend that they are entitled to continued and uninterrupted membership in the NYSTRS from the date of their first employment with BOCES. They do not seek to declare any pertinent statute unconstitutional. Because plaintiffs seek only to challenge discrete, ad hoc determinations regarding their employment benefits, CPLR article 78 review is proper.[4] Because plaintiffs' constitutional claims assert that the determinations were unconstitutionally applied to them, they can be properly resolved in a CPLR article 78 proceeding *(see, e.g., Matter of Delaney v Regan,* 183 AD2d 981, *appeal dismissed* 80 NY2d 923; *Bitondo v State of New York,* 182 AD2d 948). Supreme Court erred in failing to convert this action to a CPLR article 78 proceeding to which the four-month Statute of Limitations contained in CPLR 217 applies *(see, Goodman v Regan,* 151 AD2d 958).

Defendants next argue that plaintiffs' claims are time barred because they accrued on July 11, 1990 when NYSTRS notified plaintiffs by letter that their membership in NYSTRS was erroneous and that their membership would be transferred to NYSERS. We agree. Upon receipt of that letter, plaintiffs were unequivocally advised by NYSTRS that their membership in NYSTRS was erroneous, that they were properly classified as members of NYSERS and that to retain their service credits they had to request a transfer of membership.

---

4. We note that Education Law § 509 (9) provides for judicial review of a final determination made by NYSTRS relating to retirement benefits or matters related thereto via a CPLR article 78 proceeding. This section is consonant with decisions which hold that a CPLR article 78 proceeding is the customary procedural vehicle for review of administrative determinations *(see, Solnick v Whalen,* 49 NY2d 224).

This letter was sufficient to apprise plaintiffs that a final determination of their ineligibility for membership in NYSTRS had been made. At that point it became clear that they were aggrieved (see, Langham v State of New York, 124 AD2d 405, 406, lv denied 69 NY2d 605). Plaintiffs' commencement of this action on January 14, 1991 was therefore untimely.

Weiss, P. J., Mikoll, Mercure and Mahoney, JJ., concur. Ordered that the order is reversed, on the law, without costs, cross motion denied, motion granted, action converted to a proceeding pursuant to CPLR article 78 and petition dismissed.