■ In the Matter of JERRY CASTELLE, Appellant, v COMMISSIONER OF EDUCATION et al., Respondents. [644 NYS2d 575] —Per Curiam.

On December 15, 1992, petitioner, a candidate for an architect's license, took the division C portion of an examination authored by respondent National Council of Architectural Registration Boards (hereinafter NCARB). On April 3, 1993, petitioner received official notification that he had failed the examination. On August 20, 1993, petitioner commenced this

---

CPLR article 78 proceeding, seeking to set aside his grade on the grounds that the grading of the examination was arbitrary and capricious and that his examination solution should have been given a passing grade. Supreme Court dismissed the petition and denied petitioner's subsequent motions for reconsideration and to permit petitioner to include in the record on appeal four "expert" affidavits that were not before Supreme Court when it determined the CPLR article 78 proceeding. Petitioner appeals.

We affirm. Initially, we agree with Supreme Court's conclusion that the proceeding was not commenced within the applicable limitations period, i.e., four months after the time when the determination to be reviewed became final and binding on petitioner (CPLR 217), which was April 3, 1993, when petitioner received notice of the results of his architectural licensing examination (*see, Matter of Meinhardt v Board of Regents*, 151 AD2d 802, 803). As a consequence, as against NCARB, the proceeding was properly dismissed as time barred.

Although respondent State Education Department waived the Statute of Limitations defense by failing to properly assert it before Supreme Court, the appeal may be readily resolved against that party as well. Fundamentally, in a proceeding challenging the pedagogical evaluation of test grades, necessarily involving the special expertise of educators or, as in this case, professional practitioners, judicial review "is limited to the question of whether the challenged determination was arbitrary and capricious, irrational, made in bad faith or contrary to Constitution or statute" (*Matter of Susan M. v New York Law School*, 76 NY2d 241, 246; *see, Matter of Karasik v Board of Regents*, 130 AD2d 923, *lv denied* 70 NY2d 615; *Matter of Tomanio v Board of Regents*, 43 AD2d 643, *affd* 38 NY2d 724). Significantly, petitioner has levied no attack on the formulation of the examination or the grading criteria established by NCARB. Rather, his argument is that, applying the criteria that were established, his solution should have been assigned a higher score, thereby raising an issue involving a purely academic determination that is beyond the expertise and jurisdiction of this Court (*see, supra*). We also note that, because petitioner's solution to division C was not before Supreme Court, there would have been no facts on which to premise such a determination in any event.

Under the circumstances, petitioner's remaining contentions need not be considered.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment and orders are affirmed, without costs.