■ In the Matter of RONALD COHEN, Appellant, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, Respondent.
[651 NYS2d 650] —Crew III, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered February 8, 1996 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to exhaust administrative remedies.

Petitioner commenced this CPLR article 78 proceeding seeking, *inter alia*, to vacate a tax warrant filed against him in connection with sales tax assessments issued against Beacon Decorators, Inc. for six quarterly periods between 1983 and 1985.* Respondent moved to dismiss the petition on the grounds that petitioner failed to exhaust his administrative remedies and that the proceeding was time barred. Supreme Court granted respondent's motion and this appeal by petitioner followed.

We affirm. It is well settled that an administrative determination becomes final and binding when it has its impact upon the petitioner and it is clear that the petitioner has been aggrieved thereby (*see, Matter of Hunt Bros. Contrs. v Glennon*, 214 AD2d 817, 818-819). In order to be aggrieved, however, the petitioner must have notice of the determination at issue (*see, Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834). Here, even accepting petitioner's assertion that he was out of the country during the period of time that the relevant assessments were issued, the record reflects and petitioner acknowledges that he became aware of this tax liability in 1993, at which time he conferred with an accountant regarding this matter. Additionally, in October 1994, petitioner and his brother, whom petitioner contends is actually responsible for the taxes due, appeared before the Rabbinical Tribunal regarding this debt. Thus, the record makes clear that

---

* Although petitioner's interest in Beacon Decorators, Inc. is not entirely clear from the record, he contends that he "turned over" control of this business to his father in 1979 and thereafter spent a significant amount of time in Israel pursuing religious activities.

petitioner had actual knowledge of the underlying tax liability well before he commenced this proceeding in July 1995, at which time the four-month Statute of Limitations set out in CPLR 217 (1) had long since passed.

Finally, as there is nothing in the record to suggest that petitioner requested a redetermination of the assessments or otherwise sought review before respondent, we find that petitioner also failed to exhaust his administrative remedies. Accordingly, Supreme Court properly dismissed the petition.

Mikoll, J. P., White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.