■ In the Matter of ROBERT VICKERY, Appellant, v GEORGE C. SINNOTT, as President of the New York State Civil Service Commission, et al., Respondents. [652 NYS2d 556] —Crew III, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered October 3, 1995 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

By letter dated April 20, 1993 petitioner, a parole officer employed by respondent Division of Parole, was advised that he was being placed upon involuntary leave pursuant to Civil Service Law § 72 (5). Although petitioner ultimately returned to his duties in October 1993, the Division apparently required petitioner to charge the time missed from work to his accrued sick leave and, following his reinstatement, refused to restore

petitioner's leave credits as required by Civil Service Law § 72 (5). Thereafter, in March 1995, petitioner commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment seeking, *inter alia*, restoration of his accrued leave. Respondents moved to dismiss contending, *inter alia*, that this proceeding was time barred. Supreme Court granted respondents' motion to dismiss and this appeal by petitioner followed.

We affirm. Even accepting petitioner's claim that his reinstatement constituted a de facto final determination that he was not physically or mentally unfit to perform the duties of his position, thereby triggering the right to have his leave credits restored pursuant to Civil Service Law § 72 (5), the fact remains that the proceeding seeking such relief is time barred. Although petitioner was advised by memorandum dated March 17, 1994 that he would be required to charge the time missed from work against his accrued leave credits, this proceeding challenging that decision was not commenced until March 1995, well beyond the four-month Statute of Limitations applicable to this matter. Accordingly, Supreme Court properly concluded that this matter was time barred. Petitioner's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.