◼ In the Matter of the Estate of ALPHONSE L. JACQUET, Deceased. MARIANNE J. DAWSON, Appellant; COOPER UNION FOR THE ADVANCEMENT OF SCIENCE AND ART, Respondent. [676 NYS2d 265] —Yesawich Jr., J. Appeal from an order of the Surrogate's Court of Broome County (Thomas, S.), entered July 18, 1997, which dismissed petitioner's application to reopen the probate of decedent's last will and testament.

Alphonse L. Jacquet (hereinafter decedent) died on June 6, 1993, leaving his entire estate to respondent, his college alma mater. On June 21, 1994, decedent's last will and testament, dated April 15, 1983, was admitted to probate without objection and respondent, also named as executor therein, was issued letters testamentary. Some three years later, petitioner, decedent's only surviving child, commenced the instant proceeding to reopen probate and contest the will. In her petition, she alleges, *inter alia*, that she never received a citation notifying her that the will was being probated and that she would have appeared to contest its validity had she been made aware of when the hearing was to be held.

Respondent thereafter moved to dismiss the petition, claiming that the citation was mailed to petitioner, as ordered by

Surrogate's Court, on May 20, 1994; in opposition, petitioner again attested that she had not received it. A traverse hearing was conducted at which Christine Smith, the secretary who had purportedly mailed the citation to petitioner, testified that she had indeed done so, as evidenced by the affidavit of service she had completed. To substantiate this assertion, Smith explained her regular procedures for mailing such documents and averred that she never deviated from these procedures, which were designed to insure proper mailing. In addition to testifying that she did not receive any citation, petitioner attempted to elicit proof, from one of the partners of the law firm representing respondent, as to the multiple thefts from a trust account established by decedent for the benefit of petitioner's daughter that were committed by a former member of the firm and the events surrounding the firm's discovery of those thefts and handling of the estate in general. This evidence, petitioner maintained, was relevant in determining whether the firm had followed its regular practices with respect to this estate and, more particularly, whether the guilty attorney may have had a motive to prevent petitioner from learning of the probate hearing. Finding the questions posed on these matters too speculative and remote from the issue of whether petitioner was actually served, Surrogate's Court in large part sustained respondent's objections to them.

Surrogate's Court, though taking judicial notice "of the fact [that the attorney] has pleaded guilty to taking funds from the estate, has been sentenced, and disbarred", nonetheless found that respondent had met its burden of proving a "regular course of conduct relative to mailing citations * * * thus giving rise to the presumption of receipt", which petitioner had not adequately rebutted. Concluding that petitioner was indeed properly served, the court went on to dismiss the petition and also dismissed, as academic, petitioner's motion to disqualify respondent's counsel. Petitioner appeals.

We affirm. "A properly executed affidavit of service raises a presumption that a proper mailing occurred"; a mere denial of receipt does not rebut that presumption (*Engel v Lichterman*, 62 NY2d 943, 944; *cf.*, *Matter of Shaune TT.*, 251 AD2d 758, 758-759). Here, the affidavit of service, coupled with Smith's testimony as to her regular procedure for mailing citations, and petitioner's admission that she had never had any difficulty receiving her mail were more than sufficient to raise a presumption that she received the citation (*see*, *Engel v Lichterman, supra*; *Nassau Ins. Co. v Murray*, 46 NY2d 828, 829-830; *Best v City of Rochester*, 195 AD2d 1073, 1074).

In response, petitioner produced no convincing proof that Smith did not follow her regular office procedures in this instance (*see, Nassau Ins. Co. v Murray, supra*). The fact that the relevant practices were those of a single individual in the firm, rather than of the firm as a whole, does not render those practices evidentially valueless. And, as Surrogate's Court correctly found, petitioner's supposition that the citation may have been intercepted by someone else in the firm is too remote and speculative to justify the "fishing expedition" that her counsel sought to undertake in this record. In short, given the totality of the hearing evidence, it cannot be said that the court erred in rejecting petitioner's averment that she did not receive the citation (*see, Dean v Sarner*, 201 AD2d 770, 771; *Law v Benedict*, 197 AD2d 808, 810).

As for petitioner's motion to disqualify respondent's counsel on conflict of interest grounds, it was not improper, given the entirety of the circumstances, for Surrogate's Court to defer its decision as to that matter until after resolving respondent's motion to dismiss (*see, Renault, Inc. v Auto Imports*, 19 AD2d 814).

Cardona, P. J., Crew III, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.