■ In the Matter of NANCY STEARNS, Appellant, v OFFICE OF COURT ADMINISTRATION et al., Respondents. (Proceeding No. 1.) In the Matter of HARVEY M. BERMAN, Appellant, v OFFICE OF COURT ADMINISTRATION et al., Respondents. (Proceeding No. 2.) [688 NYS2d 813] —Carpinello, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered July 9, 1998 in Albany County, which dismissed petitioners' applications, in two proceedings pursuant to CPLR article 78, to review determinations of respondents denying petitioners' requests to credit them with prior service as employees of New York.

Petitioners, Nancy Stearns and Harvey M. Berman, are former Assistant Attorneys General who were terminated from the State Department of Law in July 1995 and September 1995, respectively. Over one year after their respective terminations, each found employment within the State's Unified Court System, Stearns as a grade 31 Principal Court Attorney and Berman as a grade 31 Principal Law Clerk to a Supreme Court Justice. Hired on October 17, 1996 and January 2, 1997, respectively, the salaries of Stearns and Berman were fixed at this time at the hiring rate for a grade 31, which is the minimum salary for that grade. Thereafter, each submitted an application to respondent Office of Court Administration (hereinafter OCA) seeking credit for their prior Department of Law service, which if successful would have resulted in increased salaries and other benefits to them.

OCA denied the applications on the ground that petitioners' prior Department of Law service did not qualify them for "reinstatement" under the Rules of the Chief Judge. 22 NYCRR 25.28 (d) permits reinstatement, effecting credits for prior service, only for former employees of the Unified Court System. Petitioners were also advised that respondent Comptroller has a policy of extending salary credit for prior State service only

to individuals rehired by the State within one year of prior service. Petitioners each commenced a CPLR article 78 proceeding (which were subsequently consolidated) against OCA, respondent Chief Administrative Judge and the Comptroller challenging the denial of their service credit requests. Finding the determinations to be rationally based, Supreme Court dismissed the petitions, prompting these appeals.

As an initial matter, we agree with the Comptroller that these proceedings against him are barred by the Statute of Limitations.* The record reveals that the Comptroller, as chief financial officer of the State, is responsible for reviewing the addition of new Unified Court System employees to the payroll and identifying those entitled to credit for former State service. Insofar as petitioners are challenging the Comptroller's determinations of their salary rates, their claims are governed by a four-month Statute of Limitations (*see generally*, *Goodman v Regan*, 151 AD2d 958).

The calculation of petitioners' salaries and benefits became final and binding when they were hired and consented to the terms of their employment (*see, Matter of Lacosse v McCauley*, 229 AD2d 890, 890-891; *Sutherland v Village of Suffern*, 139 AD2d 728, 729). Petitioners were each aware when hired that the salary for grade 31 positions was based on a range depending on prior service, which at that point in time was from $67,054 to $89,295. Berman knew when he accepted his position that "he was not automatically entitled to receive * * * service credit" and that he needed to apply to OCA for same. Stearns claims in her petition that she did not learn that her salary was contingent upon her reinstatement as a State employee until *after* she accepted the position. We note, however, that in a November 21, 1996 letter to OCA's Director of Human Resources requesting reconsideration of her application for reinstatement, Stearns states that during her June 1996 interview she "was told that the salary was $65,000", but nevertheless "assumed" that it would be higher based on her prior Department of Law experience.

Even if we were to find that the Statute of Limitations did not begin to run as of the date petitioners began employment, the determinations of their salaries certainly became final and binding when each was notified that their respective applications for service credit had been denied under both the reinstatement provisions of the Rules of the Chief Judge and the Comptroller's payroll credit policy (*see, Matter of Vickery v Sin-*

---

* Neither OCA nor the Chief Administrative Judge raised the Statute of Limitations as a defense.

*nott*, 235 AD2d 818, *lv denied* 89 NY2d 814; *DiMiero v Livingston-Steuben-Wyoming County Bd. of Coop. Educ. Servs.*, 199 AD2d 875, 877-878, *lv denied* 83 NY2d 756). In the November 11, 1996 denial of Stern's application, she was specifically advised that the *Comptroller* could not credit her with prior State service because her employment with the Department of Law concluded more than one year before the commencement of employment within the Unified Court System. At this point, it was clear that Stearns was not going to receive service credit for her prior State experience from either OCA or the Comptroller and, therefore, even under this later date, commencement of her proceeding in July 1997 was untimely. Moreover, we are unpersuaded by her contention that the proceeding was timely because it was commenced within four months of a March 11, 1997 letter from the Deputy Chief Administrative Judge. This letter was a denial of her request for reconsideration and is of no consequence to the running of the Statute of Limitations (*see, Matter of Lubin v Board of Educ.*, 60 NY2d 974, 976, *cert denied* 469 US 823; *Matter of Dominick Dan Alonzo, Inc. v Levitt*, 73 AD2d 741).

As to Berman, his application was denied on March 11, 1997. Although his denial letter does not expressly state that salary credit could not be obtained by operation of the Comptroller's one-year break in service policy, Berman was nevertheless advised of this policy and its effect on his salary, at the latest, in April 1997. His proceeding, commenced in November 1997, was therefore also untimely. This being the case, petitioners are precluded from attacking the rationality of the Comptroller's policy in the absence of him as a party.

Next, we are satisfied that OCA provided a rational basis for the denial of petitioners' applications for reinstatement (*see, Matter of Schwartz v Crosson*, 165 AD2d 147). The Rules of the Chief Judge governing reinstatement (*see*, 22 NYCRR 25.28 [d]) only apply to individuals whose prior State service was within the Unified Court System (*see, id.*). Specifically, 22 NYCRR 25.28 (d) (1) permits former permanent Unified Court System employees who have resigned to be reinstated to their same position, if vacant, or to any vacant position which they were eligible for transfer or reassignment, within one year of resignation and 22 NYCRR 25.28 (d) (2) permits, in exceptional circumstances, reinstatement after one year for good cause shown. Since neither petitioner qualifies as a former permanent Unified Court System employee, 22 NYCRR 25.28 (d) is clearly inapplicable to them.

To the extent that petitioners claim that OCA's determina-

tions should be annulled because there is no rational basis for the regulation's limitation to former Unified Court System employees, we are unpersuaded. The Director of Human Resources for the Unified Court System averred that the Unified Court System has a strong interest in reinstating former employees who are familiar with the duties and responsibilities of their positions and who do not need to be retrained or requalified for appointment. We are also unpersuaded by petitioners' argument that 22 NYCRR 25.28 (d) is inconsistent with any provision of the Civil Service Law (*see,* Judiciary Law § 211 [1] [d]; 22 NYCRR 25.2), particularly 4 NYCRR 5.4.

Finally, we disagree that petitioners are entitled to relief pursuant to Civil Service Law § 80 (3) or 22 NYCRR 25.30 (c). First, Civil Service Law § 80 (3) does not apply to Unified Court System employees (*see, id.*). In any event, neither this provision nor 22 NYCRR 25.30 (c) advance petitioners' claims that they are entitled to service credit for salary purposes as both govern the order in which suspended or demoted employees are laid off in the event permanent positions must be eliminated. Although each provision refers to service credit for interrupted service, the credit is significant only insofar as determining an employee's seniority, not salary (*see,* Civil Service Law § 80 [1], [3]; § 81; *see, Matter of Bac v State of New York Off. of Mental Health,* 203 AD2d 283).

Mercure, J. P., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.