■ In the Matter of CREST MAINSTREAM, INC., Appellant, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [692 NYS2d 201] —Carpinello, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered October 19, 1998 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as untimely.

Petitioner is a private preschool and day-care center in Jefferson County which provides special educational services to children with disabilities (*see,* Education Law art 89; 8 NYCRR part 200). Recently, this Court reviewed a determination of respondent Education Department (hereinafter respondent) which found that petitioner overstated the reimbursable expenses for its special education services by $634,382 and demanded recoupment of these funds; we affirmed a judgment of Supreme Court (Canfield, J.) which dismissed petitioner's CPLR article 78 proceeding challenging that determination (*see, Matter of Crest Mainstream v Mills,* 257 AD2d 969). The audit in that proceeding resulted in a reduction of petitioner's approved tuition rates for its services to students with disabilities for the years in question. This prompted petitioner to request two separate waivers from respondent of its "total cost growth screens". These "cost screens" are intended to limit increases in tuition rates to reasonable levels and are based upon prior years' income and expenses. Petitioner's first request, dated May 9, 1997, covered academic years 1991-1992 through 1995-1996. The second, dated October 3, 1997, covered academic year 1996-1997. These requests, if granted, would have allowed for the establishment of higher tuition rates for petitioner.

At issue in this proceeding is the denial of these requests by Thomas Hamel, chief of respondent's Program Service Reimbursement Unit. In response to the petition, respondents submitted Hamel's affidavit as part of an apparent application to dismiss the proceeding. In his affidavit, Hamel avers that the proceeding is barred by the four-month Statute of Limita-

tions. We note that no answer raising an objection in point of law or notice of motion to dismiss the petition is contained in the record (*see*, CPLR 7804 [d], [e], [f]). Nonetheless, Supreme Court adopted respondent's argument and dismissed the entire proceeding as time barred.

In assessing when the limitation period begins to run in any given proceeding, a court must look to when "the determination to be reviewed becomes final and binding" (CPLR 217). "A challenged determination is final and binding when it 'has its impact' upon the petitioner who is thereby aggrieved" (*Matter of Edmead v McGuire*, 67 NY2d 714, 716, quoting *Mundy v Nassau County Civ. Serv. Commn.*, 44 NY2d 352, 357). Insofar as petitioner seeks a waiver of the cost growth screens for academic years 1991-1992 through 1995-1996, we agree with Supreme Court's finding that the instant proceeding is time barred since it was not commenced within four months of Hamel's May 12, 1997 unequivocal determination denying the first request. The mere fact that petitioner requested Hamel to reconsider this denial via a June 13, 1997 letter from Jefferson County and a July 28, 1997 letter from its accountants does not extend the Statute of Limitations or render the May 12, 1997 determination any less final or binding (*see*, *Matter of Stearns v Office of Ct. Admin.*, 260 AD2d 900). Thus, as to these academic years, the petition is clearly untimely.

However, petitioner's second waiver request covering academic year 1996-1997 was not made until October 3, 1997, and a determination denying same was not rendered until December 19, 1997. This being the case, the instant proceeding, insofar as it incorporates a challenge to respondent's denial of this particular request, was timely commenced on April 16, 1998. Further, we are unpersuaded by respondents' claim that the petition is barred by the doctrine of res judicata and accordingly remit the matter to Supreme Court for respondents to file an answer (*see*, CPLR 7804 [e], [f]).

Mikoll, J. P., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted the motion dismissing that part of the petition challenging the 1996-1997 academic year; motion denied to that extent and respondents are directed to file an answer within 20 days of the date of this Court's decision; and, as so modified, affirmed.