■ In the Matter of GEORGE J. FORTUNATO, Appellant, v WORKERS' COMPENSATION BOARD OF THE STATE OF NEW YORK et al., Respondents. [704 NYS2d 694] —Mercure, J. P. Appeals (1) from a judgment of the Supreme Court (Canfield, J.), entered May 19, 1999 in Albany County, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent Workers' Compensation Board

to renew petitioner's license to represent certain parties before said Board, and (2) from an order of said court, entered August 23, 1999, which denied petitioner's motion for, *inter alia*, reconsideration.

In 1984, petitioner was issued a license to practice before respondent Workers' Compensation Board (hereinafter the Board) as a nonattorney representative pursuant to Workers' Compensation Law § 24-a (1). In April 1998, respondent Frieda Gluck, Assistant Secretary of the Board, sent petitioner a notice requesting that he appear before the Board concerning the renewal of his license. Petitioner failed to appear on the specified date and Gluck sent petitioner a further notice indicating that according to her records petitioner had not renewed his license since 1993 and warning that if he did not contact her within seven days, his license would not be renewed. Petitioner contacted Gluck and an interview was scheduled for June 1998, at which time petitioner was to produce his ledger book for examination by the Board.

At the interview, petitioner did not produce his ledger book or identification card, provided no documentation establishing that he had appeared before the Board to renew his license since 1989, and failed to adequately answer questions concerning certain provisions of the Workers' Compensation Law. Following the interview, a Board member issued a memorandum to the Board recommending the denial of petitioner's application because of, among other things, his failure to produce relevant records at the hearing, to reapply for renewal despite notifications to do so and to sufficiently demonstrate an ability to competently represent clients before the Board. On June 16, 1998, the Board unanimously voted to adopt the recommendation as presented and on June 23, 1998, Gluck mailed a written notice to petitioner advising him of the Board's determination to deny his application for license renewal.

On December 11, 1998, petitioner commenced this CPLR article 78 proceeding in the nature of mandamus to compel the Board to renew his license. Supreme Court dismissed the petition upon the ground that mandamus will not lie to compel a discretionary act. Petitioner appeals the judgment dismissing the petition as well as a subsequent order denying his motion for reconsideration and to amend the petition.

We affirm. Initially, we agree with respondent's contention that the proceeding was barred by the four-month Statute of Limitations of CPLR 217 (1). Notwithstanding her failure to enunciate the reasons for the Board's June 16, 1998 determination, we agree with respondents that Gluck's notice to

petitioner on June 23, 1998 put petitioner on unmistakable notice that the Board had " 'arrived at a definitive position on the issue that inflict[ed] an actual, concrete injury' " (*Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 519, *cert denied* 479 US 985, quoting *Williamson County Regional Planning Commn. v Hamilton Bank*, 473 US 172, 193; *see, Matter of Essex County v Zagata*, 91 NY2d 447, 453; *Matter of Crest Mainstream v Mills*, 262 AD2d 846, 847; *Matter of Cohen v New York State Dept. of Taxation & Fin.*, 234 AD2d 739; *Matter of Castelle v Commissioner of Educ.*, 228 AD2d 866, 867, *lv dismissed, lv denied* 88 NY2d 971) and therefore caused the Statute of Limitations to begin running. Further, in the face of Gluck's sworn statements concerning her placement of the June 23, 1998 notice in a properly addressed postpaid envelope, which was in turn placed in the Board's interoffice mail collection system for mailing, and the normal office procedures that were followed for the mailing of such notices, a presumption of delivery attached which was unrebutted by petitioner's mere assertion of nonreceipt (*see, Nassau Ins. Co. v Murray*, 46 NY2d 828, 829; *Electric Ins. Co. v Grajower*, 256 AD2d 833, 836, *lv dismissed* 93 NY2d 848; *Matter of Jacquet*, 252 AD2d 780, 781).

Had the action been timely commenced, the result would be no different. Supreme Court was correct in its conclusion that mandamus to compel did not lie as a matter of law (*see, Matter of Dyno v Village of Johnson City*, 261 AD2d 783, 784, *appeal dismissed* 93 NY2d 1033, *lv denied* 94 NY2d 818) and we are not persuaded that Supreme Court had an obligation to *sua sponte* convert the proceeding to one sounding in mandamus to review. As a final matter, we conclude that respondents' determination was not in any event arbitrary or capricious. In view of our determination that the proceeding was time barred, we need not consider petitioner's remaining contentions, including those addressed to Supreme Court's denial of the motion for reconsideration.

Spain, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment and order are affirmed, without costs.