■ In the Matter of SAVE THE PINE BUSH, INC., et al., Appellants, v TOWN BOARD OF THE TOWN OF GUILDERLAND et al., Respondents. (And Another Related Proceeding.) [707 NYS2d 698] —Crew III, J. P. Appeals (1) from a judgment of the Supreme Court (Cobb, J.), entered February 16, 1999 in Albany County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, *inter alia*, declare invalid the establishment of an extension to the Guilderland Water District, and (2) from a judgment of said court, entered March 9, 1999 in Albany County, which, *inter alia*, dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, *inter alia*, review a determination of respondent Planning Board of the Town of Guilderland approving the amendment of a filed subdivision plat to allow for the use of private drilled wells.

In October 1995, respondent Department of Environmental Conservation (hereinafter DEC) acquired five separately described parcels of land in the Town of Guilderland, Albany County, from The Nature Conservancy, Inc. Insofar as is relevant to this appeal, the northern boundary of "parcel one" was described as extending "to a point in the center of Willow Street." In April 1996, DEC dedicated all five parcels to respondent Albany Pine Bush Preserve Commission (hereinafter the Commission). Although the Commission apparently recommended that an additional 13 acres of adjacent land located to the north of parcel one be designated for protection, such land (parcel 56) was privately owned by respondent Brookview Court Inc., which had purchased the parcel from respondent Edward J. Pigliavento, Jr. in August 1990.

In October 1990, Brookview received final approval from respondent Planning Board of the Town of Guilderland to develop parcel 56 into a six-lot subdivision known as Tera Court. The final subdivision plat submitted by Brookview, which was approved by the Planning Board in October 1990 and filed in April 1991, indicated that the water and sewer lines needed to service the subdivision were to be installed within the northern half of the Willow Street right-of-way. In October 1997, however, after respondent Town Board of the Town of Guilderland approved an extension of the water district to accommodate the subdivision, Brookview proceeded to install the water lines within the southern half of the Willow Street right-of-way upon State-owned land.

Thereafter, in December 1997, petitioners commenced a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment against the Town Board, the Planning Board, DEC, the Commission, Pigliavento, respondent Town of Guilderland, respondent City of Albany and two Willow Street landowners challenging, inter alia, the timeliness of the filing of the final subdivision plat approved by the Planning Board in October 1990 and the Town Board's subsequent extension of the water district and seeking, inter alia, removal of the subject water lines and a declaration that the relevant subdivision plat was null and void (hereinafter proceeding No. 1). In June 1998, the State, the Town and Brookview, among others, entered into a stipulation of settlement, pursuant to the terms of which Brookview agreed to remove the water lines on the south side of Willow Street and, once the Town obtained a water supply permit from DEC,[1] reinstall such lines within the northern half of the Willow Street right-of-way. In response, petitioners renoticed their petition contending that the proposed reinstallation could not be effectuated because the State owned the northern half of the Willow Street right-of-way as well, and, hence, their challenge to the location of the water lines was not moot.

Although not entirely clear from the record, petitioners apparently moved for partial summary judgment on their first and fifth causes of action relating to the Town Board's extension of the water district, and Brookview and Pigliavento apparently moved to dismiss as time barred the sixth cause of action, which challenged the Planning Board's approval of the final subdivision plat. Additional motions to dismiss by various respondents ensued. Although concluding that petitioners

---

1. We have been advised that such permit subsequently was issued in March 1999.

lacked the capacity to sue regarding the extension of the water district, Supreme Court nonetheless addressed this challenge on the merits and concluded, *inter alia*, that the State did not in fact own the northern half of the Willow Street right-of-way; hence, there was no basis upon which petitioners could protest the reinstallation of the water lines at that location. As to petitioners' challenge to the timeliness of the filing of the subdivision plat, Supreme Court found such cause of action to be time barred.

In the interim, in September 1998 and during the pendency of proceeding No. 1, the Planning Board "approved a change in the water supply for the * * * subdivision from an extension of the [water district] to on-site private wells." Petitioners thereafter commenced a second combined proceeding pursuant to CPLR article 78 and action for declaratory judgment (hereinafter proceeding No. 2) seeking, *inter alia*, to annul the Planning Board's approval of the amendment to the final subdivision plat based upon the Planning Board's alleged failure to comply with the State Environmental Quality Review Act (ECL art 8) and a declaration that the State owned the northern half of the Willow Street right-of-way. Supreme Court dismissed petitioners' second and third causes of action, which addressed the ownership of the right-of-way and the timeliness of the filing of the final subdivision plat, finding that such claims had been resolved by its prior decision in proceeding No. 1. Supreme Court also dismissed petitioners' first cause of action, concluding that full environmental review was not warranted under the circumstances. These appeals ensued.

Petitioners, as so limited by their brief, contend that Supreme Court erred in finding, in proceeding No. 1, that their challenge to the timeliness of the filing of the final subdivision plat was time barred and, further, in concluding that the State did not own the northern portion of the Willow Street right-of-way. For the reasons that follow, we find petitioners' arguments on these points to be lacking in merit and, accordingly, affirm the judgments from which these appeals were taken.

It is well settled that in determining the limitations period to be applied to a declaratory judgment action, "we must look to the underlying claim and the nature of the relief sought to ascertain whether the rights the parties are seeking to have adjudicated in the declaratory judgment action could have been raised in an action or proceeding having a statutorily prescribed limitation period" (*Matter of Frontier Ins. Co. v Town Bd.*, 252 AD2d 928, 929). In the event that no prescribed period of limitations applies, the action will be governed by the six-year Statute of Limitations set forth in CPLR 213 (1).

To the extent that the petition in proceeding No. 1, which was commenced in December 1997, may be read as challenging the Planning Board's decision to grant final subdivision approval in the first instance, it is clear that petitioners did not comply with either the 30-day Statute of Limitations set forth in Town Law § 282 or the four-month Statute of Limitations applicable to proceedings brought pursuant to CPLR article 78. Although petitioners assert that they were not "aggrieved" by the decision to grant final subdivision approval until Brookview sought to amend the final subdivision plat in 1997, the harm alleged by petitioners—namely, the location of the water lines in the northern half of the Willow Street right-of-way—was evident and had its impact upon petitioners when the final subdivision plat was approved in October 1990 (*see generally, Matter of Crest Mainstream v Mills*, 262 AD2d 846, 847 [determination becomes final and binding when it has its impact upon the petitioner]). Thus, regardless of the Statute of Limitations applied—30 days, four months or six years, it is apparent that any challenge to the Planning Board's October 1990 decision to grant final subdivision approval indeed is time barred.

Petitioners' attempt to circumvent the Statute of Limitations issue by contending that the final subdivision plat should be declared to be null and void due to Brookview and/or Pigliavento's failure to file such plat with the Albany County Clerk within 62 days of the final approval (October 2, 1990) (*see,* Town Law former § 276 [7])[2] is equally unpersuasive. The crux of petitioners' argument on this point is that the final subdivision plat approved by the Planning Board in October 1990 subsequently expired by operation of law and, therefore, no justiciable controversy existed between petitioners and respondents until the Town Board approved the extension of the water district in October 1997 in the absence of a valid subdivision plat. Petitioners' argument, however, overlooks the fact that the plat was accepted for filing in April 1991.

Assuming, without deciding, that the final subdivision plat approved by the Planning Board in October 1990 indeed expired by operation of law due to the failure to comply with the filing requirements set forth in Town Law former § 276 (7), petitioners' cause of action in this regard accrued in April 1991 when the plat was filed, not in 1997 when the Town Board

---

**2.** Now set forth at Town Law § 276 (11), the statute provides, in relevant part, that "[t]he owner shall file in the office of the county clerk or register such approved final plat * * * within [62] days from the date of final approval or such approval shall expire."

granted the requested extension of the water district. In other words, even accepting that no action was taken on the proposed subdivision between 1991 and 1997, the "expired" final subdivision plat delineating the location of the disputed water lines nonetheless remained on file throughout this period, and petitioners knew or should have known that action could have been taken at any point after April 1991. Thus, even applying the six-year Statute of Limitations set forth in CPLR 213 (1), petitioners' claim, measured from April 1991, is time barred. To hold, as petitioners urge, that no claim accrued until some further action by Brookview and/or Pigliavento was undertaken would extend the Statute of Limitations indefinitely and permit petitioners to commence a separate action or proceeding each time a new phase of work on the subdivision unfolded. Petitioners' remaining arguments on the Statute of Limitations issue have been examined and found to be lacking in merit.

Turning to the remaining issue raised on appeal—the ownership of the northern half of the Willow Street right-of-way—we are of the view that Supreme Court correctly concluded that the State did not own this land.[3] The deed conveying "parcel one" to the State plainly recites that the northern boundary thereof is "the center of Willow Street." To the extent that petitioners attempted to demonstrate that previous grantors intended the northern boundary of parcel one to include all of Willow Street, extrinsic evidence "may not be used to vary a boundary description or call set forth in a deed" where, as here, the description is unambiguous (*Schweitzer v Heppner*, 212 AD2d 835, 838; *see, Andersen v Mazza*, 258 AD2d 726, 727). Petitioners' remaining arguments, to the extent not expressly addressed, have been examined and found to be lacking in merit.

Peters, Spain, Graffeo and Mugglin, JJ., concur. Ordered that the judgments are affirmed, without costs.

---

**3.** Although certain parties continue to debate whether petitioners lacked the capacity to sue with respect to the extension of the water district, Supreme Court ultimately resolved this issue on the merits, as will we.