OPINION OF THE COURT
James B. Canfield, J.
Petitioners in this CPLR article 78 proceeding ask the court to treat Matter of Neary v New York State Div. of Budget (192 Misc 2d 375 [2002]) as though it were a class action lawsuit and mandamus the state respondents to grant petitioners the same relief despite the fact that petitioners did not commence *751 timely certiorari proceedings of their own and are now barred by the statute of limitations from commencing their own certiorari proceedings.
Petitioners have avoided the statute of limitations problem by carefully arguing for mandamus to compel rather than claiming that they, like the Neary petitioners, are challenging the underlying determination to cap their overtime. Mandamus to compel is appropriate only where the right to relief is “clear” and the action sought to be compelled is an act commanded to be performed by law and involving no exercise of discretion (Matter of Korn v Gulotta, 72 NY2d 363, 370 [1988]). Petitioners’ argument that they, and presumably any other employees who were also affected by the September 11, 2001 through December 31, 2001 overtime cap, are “similarly situated” to the Neary petitioners and therefore are now entitled to a retroactive reversal pursuant to the Neary decision, rests on the mistaken assumption that decisions in article 78 proceedings are the equivalent of class action decisions or somehow revive or create a new cause of action for “similarly situated” individuals.
The cases cited by petitioners actually demonstrate that article 78 determinations govern prospectively, not that they revive dead cases and apply retroactively (Matter of Jones v Berman, 37 NY2d 42, 57 [1975]; Matter of Rivera v Trimarco, 36 NY2d 747, 749 [1975]; Matter of Civil Serv. Empls. Assn. v Newman, 72 AD2d 120, 124 [1980]). Petitioners also fail to cite any statute, regulation, or principle that protects parties who fail to commence timely actions by imposing an ongoing obligation on the respondents to revisit all of their prior determinations and retroactively make them conform to subsequent decisions in later cases.
It is abundantly clear that governmental entities have no obligation to revisit all prior administrative determinations in light of subsequent article 78 determinations. Decisions apply prospectively to “subsequent petitioners” (Matter of Jones v Berman, 37 NY2d 42, 57 [1975]) with timely causes of action (New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 206-207 [1994]). The commencement of a timely proceeding by the Neary petitioners did not toll the statute of limitations for similarly situated individuals (Matter of Langham v State of New York, 124 AD2d 405, 407 [1986]). Thus, while Neary would be applicable to any similarly situated individuals who commenced a timely special proceeding, it did not resuscitate causes of action that were time-barred or create *752 new freestanding mandamus causes of action such as petitioners envision. As petitioners were not parties to the Neary proceeding, the respondents’ failure or refusal to grant them retroactive relief is not a denial of equal protection (New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 206-207 [1994]) and petitioners are not entitled to mandamus such retroactive relief.
A timely article 78 certiorari proceeding challenging the cap on overtime could have brought petitioners the relief they seek. Had petitioners attempted to commence such a proceeding at the time this proceeding was commenced on January 23, 2003, it would have been time-barred. An article 78 proceeding must be commenced within four months after the administrative determination to be reviewed becomes “final and binding upon the petitioner” (CPLR 217 [1]; Yarbough v Franco, 95 NY2d 342, 346 [2000]; New York State Assn. of Counties v Axelrod, 78 NY2d 158, 165 [1991]). An administrative determination becomes “final and binding” when the petitioner seeking review has been aggrieved by it or it has impact on the petitioner (Matter of Carter v State of New York, Exec. Dept., Div. of Parole, 95 NY2d 267 [2000]; Matter of Edmead v McGuire, 67 NY2d 714, 716 [1986]).
Respondents capped overtime pay received by petitioners and the Neary petitioners for emergency overtime hours prior to March 2002 when the Neary petitioners commenced their special proceeding. Petitioners do not deny that they received the same capped overtime compensation as the Neary petitioners at that time, but urge that they never received an explicit determination or an explanation of what was happening and why. Regardless of whether petitioners received a full explanation of why respondents had capped the amount of overtime they were being paid, each petitioner’s receipt of that capped amount aggrieved them and put each of the petitioners on notice that the respondents had arrived at a definitive position on the issue that inflicted an actual, concrete injury (Matter of Fortunato v Workers’ Compensation Bd. of State of N.Y., 270 AD2d 641, 642 [2000]; Matter of Crest Mainstream v Mills, 262 AD2d 846, 847 [1999]; Matter of Stearns v Office of Ct. Admin., 260 AD2d 900, 901 [1999]; Matter of Cohen v New York State Dept. of Taxation & Fin., 234 AD2d 739 [1996]; Matter of Castelle v Commissioner of Educ., 228 AD2d 866, 867 [1996]). At that point, the statute of limitations began to run on any challenge to the respondents’ action in capping the petitioners’ overtime.
*753 While the five Neary petitioners commenced a timely article 78 proceeding in March 2002 challenging respondents’ action against them, petitioners did not intervene in that proceeding or commence their own, but instead chose to wait to see what would happen before acting. The commencement of a timely proceeding by the Neary petitioners did not toll the statute of limitations for similarly situated individuals (Matter of Langham v State of New York, 124 AD2d 405 [1986]). In a letter dated June 14, 2002, petitioner Donald Maurer (Maurer) advised his employer State Emergency Management Office with a copy to New York State Division of the Budget and Carole E. Stone that he expected to receive similar treatment as the Neary petitioners if they were successful. That letter elicited no response from respondents to suggest respondents accepted the letter as opening a process of administrative appeal and review. Even if Maurer’s letter is characterized as a demand for similar treatment as the Neary petitioners, Maurer’s request did not extend his, much less the other petitioners’ statute of limitations (Matter of Crest Mainstream v Mills, 262 AD2d 846, 847 [1999]; Matter of Langham v State of New York, 124 AD2d 405, 407 [1986]).
The court finds that when this proceeding was commenced by filing on January 24, 2003 a challenge to the determination to cap petitioners’ overtime pay was time-barred, the statute of limitations having expired at least seven months earlier if commencement of the Neary proceeding is used as the earliest date petitioners became aware that their overtime was capped. Even if Maurer’s June 14, 2002 acknowledgment that their overtime had been capped is used as the earliest evidence of when petitioners became aware that their overtime was capped and the starting point from which the statute of limitations runs, this proceeding was commenced more than three months after the statute of limitations expired.
Petitioners have failed to state a cause of action for mandamus to compel the respondents to retroactively grant them the relief afforded the Neary petitioners and a proceeding in the nature of certiorari challenging the original determination to cap petitioners’ overtime pay is time-barred. Accordingly, the petition is dismissed and the relief requested therein is in all respects denied.