OPINION OF THE COURT
Robert C. Mulvey, J.
Petitioners/plaintiffs in this combined proceeding pursuant to CPLR article 78 and 3001 seek to challenge that portion of the determination of the Commissioner of Environmental Conservation made in her interim decision dated October 28, 2002 and embodied in her final decision and order dated December 30, 2002, which held that the petitioners/plaintiffs, in their capacity as landowner and/or lessee in connection with oil and gas leases in the Gregory drilling unit in the Quackenbush Hill Field located in Chemung and Steuben Counties, were not entitled to a seven-eighths interest in the production revenue allocated to the parcel in which they have an interest, but rather that they were entitled to receive only a one-eighth royalty payment of the production revenue allocated to their particular parcel. Petitioners/plaintiffs also seek a declaratory judgment directing that, under the circumstances presented herein, “the designated operator of the drilling unit be entitled to the share of production attributable to such tract until the market value of the lessee’s share of production equals twice the lessee’s share of the costs of the well, and thereafter, the lessee shall be entitled to receive as co-owner the entire working interest of all production attributable to such tract as it is produced from said well.” The respondent, Fortuna Energy, Inc., as successor to Pennsylvania General Energy Corp. (PGE), is the designated operator of the Gregory drilling unit referred to herein. All of the respondents/ defendants have appeared in the matter by counsel and have submitted answering papers raising objections and/or seeking dismissal of the petition/complaint.
Petitioners contend that the determination of the Commissioner denying their request to receive a seven-eighths working interest in the portion of the production revenue allocated to their parcel is contrary to the statutory law in New York, specifically, the provisions of section 23-0901 (3) of the Environmental Conservation Law and that the effect of the determination permits an unconstitutional taking of the petitioners’ property rights. Petitioners further contend that the Commissioner acted in an illegal manner and that her interpretation of the pertinent statutes is arbitrary, capricious and unreasonable and that the *788 determination challenged herein is inconsistent with other compulsory integration determinations rendered by the Commissioner.
Respondents assert that the compulsory integration proceedings underlying the determination of the Commissioner challenged herein were conducted in accordance with the applicable statutes and rules and regulations and that the Commissioner has correctly interpreted and applied the provisions of ECL 23-0901 (3) in this instance. Respondents argue that based on the facts generated in the compulsory integration proceedings, the Commissioner’s determination met the “just and reasonable” standard required by the statute. Further, the respondents contend that in applying the applicable statutory definitions, the petitioners do not qualify as an “owner” within the meaning of ECL 23-0901 (3) to enable them to be entitled to a seven-eighths working interest in the production revenue generated from the drilling unit. Respondents also argue that deference should be given to the Commissioner’s determination herein. Respondents seek dismissal of the petition/complaint on the ground that it fails to state a cause of action and also seek dismissal of the petition/complaint as it relates to petitioner, Richard M. Roper, on the ground that he failed to exhaust the administrative remedies available to him.
All parties appear to agree that there are no issues of fact in this proceeding and that the matter can be decided as a matter of law. A review of the record reveals that it is undisputed that the petitioner Roper is the asserted fee simple owner of approximately 1.9 acres of land in what has been designated as the Quackenbush Hill Field. Said acreage represents .06% of the total acreage in said field and .30% of the total acreage in the Gregory drilling unit. Petitioner Caflisch is the assignee/ holder of an oil and gas lease for the parcel in the Gregory drilling unit owned by Mr. Roper after having received the lease by assignment from Buck Mountain Associates on or about December 14, 2001. The oil and gas lease held by Caflisch is a nondrilling lease and by its terms does not permit Caflisch to drill a well on the land covered by the lease. It is also undisputed that, at the time the Commissioner’s determination was rendered herein, the respondent PGE owned approximately 93% of the mineral interests in the Gregory drilling unit and had drilled and developed several wells nearly two miles deep in the Quackenbush Hill Field, including the only well in the Gregory drilling unit. All of the risk and all of the substantial expen *789 ses incurred in connection with the drilling and development of said wells was borne by PGE. The respondent Fortuna Energy, Inc. is now the successor in interest to PGE. The remaining seven percent of the mineral interests in the Gregory drilling unit are owned by landowners of unleased parcels or holders of nonoperator leases such as petitioner Caflisch. It is further undisputed that neither petitioner participated in or contributed to the costs of drilling the Gregory well and that petitioner Caflisch has not shared in the expense of or engaged in any exploration or drilling activities in the Quackenbush Hill Field nor demonstrated any intention to do so. There is also no evidence in the record that either petitioner was granted a drilling permit in the Gregory drilling unit or that either controlled enough acreage to qualify for such a permit. Neither petitioner entered into voluntary integration in connection with the Gregory drilling unit. (See, ECL 23-0701.)
The court notes that an amicus curiae brief has been submitted by attorney Christopher Denton on behalf of the generalized class of landowners in the southern tier of New York who own land that overlies the Trenton-Black River formations of which the Quackenbush Hill Field is a part. The respondents PGE and Fortuna objected to the brief submitted by attorney Denton. Prior to oral argument, the court advised counsel for the parties that it would accept and consider the brief submitted by attorney Denton, but that Mr. Denton would not be granted permission to participate in oral argument.
Upon review and consideration of the papers submitted, the court has determined that the petition/complaint should be dismissed in its entirety. The reasons for its determination are set forth below.
First, to the extent that the petitioners seek to challenge the Commissioner’s determination on procedural grounds, the court finds that the petitioners have failed to demonstrate that the Commissioner or her agents violated any of the public hearing provisions outlined in 6 NYCRR part 624 or failed to comply with the procedures for compulsory integration pursuant to article 23 of the Environmental Conservation Law, and specifically section 23-0901. Further, the record reflects that the petitioner, Roper, failed to take an appeal from the administrative determination to deny him party status and, as a result, to the extent that he now seeks relief pursuant to CPLR article 78, his application must be dismissed for failure to exhaust his administrative remedies. (See, CPLR 7801 [1].)
*790 Second, the court concludes that the portion of the Commissioner’s determination of December 30, 2002, which held that the petitioners were not entitled to receive a seven-eighths working interest in the production revenue allocated to the parcel in which they have an interest is consistent with the applicable statutory law and was not arbitrary and capricious or unreasonable. It is noted that the Court of Appeals has upheld the constitutionality of New York’s compulsory integration statutes. (See, Matter of Sylvania Corp. v Kilborne, 28 NY2d 427 [1971].) In Matter of Sylvania Corp., the Court upheld the provisions of section 79 of the Conservation Law which was the predecessor statute of ECL 23-0901. Moreover, this court finds that the Commissioner’s interpretation and application of the provisions of ECL 23-0901 (3) in this instance is supported by statutory construction, results in a just and reasonable allocation of production revenues, given the undisputed facts set forth above, and is consistent with prior rulings of the Commissioner.
The court is not persuaded by the petitioner’s argument that the Commissioner’s ruling renders the last sentence of subdivision (3) of section 23-0901 meaningless. Rather, the court agrees with the respondents that the last sentence of subdivision (3) is not applicable in this instance, since neither petitioner qualifies as an “owner” as that term is defined by the provisions of ECL 23-0101 (11) and is used in ECL 23-0901 (3). Neither petitioner “has the right to drill” in the Gregory drilling unit since neither was granted a permit, the lease held by petitioner Caflisch does not permit it and, apparently, neither petitioner controls enough acreage to qualify for a drilling permit. The court concludes that the applicable statutory definition must be used unless the context requires otherwise. The court finds no such requirement in this instance. Nor does the record support a finding that either petitioner was or is an operator within the Gregory drilling unit.
Further, the court finds that the provisions of ECL 23-0901 (3) do not specifically address the portion of allocated production revenue that an owner of unleased land shall be entitled to receive with respect to his particular parcel after the costs and expenses of operation of the well have been recovered.
In this court’s view, the Commissioner’s interpretation of the provisions of ECL 23-0901 (3) is consistent with the common law of New York which adheres to the rule of capture. (See, Wagner v Mallory, 169 NY 501 [1902].) “[U]nder New York’s *791 ‘rule of capture’, title to subsurface oil and gas vests in the party which first brings it to the surface and reduces it to possession” (Matter of Envirogas, Inc. v Chu, 114 AD2d 38, 41 [1986], affd 69 NY2d 632 [1986], citing Wagner; supra). Petitioners have not cited any case law which specifically holds that New York no longer adheres to the rule of capture with respect to title to oil and gas. Moreover, to the extent that the compulsory integration provisions of article 23 of the Environmental Conservation Law can be viewed as a modification of the rule of capture, such modification must be strictly construed and the common law cannot be abrogated by implication. (McKinney’s Cons Laws of NY, Book 1, Statutes § 301 [a], [b].) The court is also persuaded that the Commissioner’s interpretation is consistent with and carries out the policy provisions of ECL 23-0301.
Upon reviewing the previous decisions of the Commissioner that were cited by the petitioners in support of the relief they request, including Matter of ENGX, Inc. (1992 WL 290007, 1992 NY Env LEXIS 59 [NY St Dept Envtl Conservation, Sept. 28, 1992]) and Matter of Kidder Exploration, Inc. (1993 WL 393499, 1993 NY Env LEXIS 30 [NY St Dept Envtl Conservation, Sept. 30, 1993]), the court agrees with the respondents that said decisions do not support or stand for the proposition or relief requested by the petitioners. Said decisions do not hold that either nonoperator lessees or owners of unleased land who have not contributed to drilling or exploration costs are entitled to a working interest in production revenue. Further, the underlying facts in the decisions cited by the respondents are distinguishable from the facts in the case at bar.
Deference should be given to the Commissioner’s determination in this instance, since the Department of Environmental Conservation has been entrusted with the administration of article 23 of the Environmental Conservation Law (ECL 23-0303 [1]) and the court finds that the matters governed by article 23, such as well spacing and compulsory integration, involve specialized knowledge and technical expertise. (See, Matter of Eastern Milk Producers Coop. Assn, v State of N.Y. Dept, of Agric. & Mkts., 58 NY2d 1097, 1100 [1983]; Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [1980].) Moreover, the court finds that the Commissioner’s determination herein is not irrational or unreasonable since the rights of a nonoperator lessee or owner of unleased land, under the circumstances presented, have been protected by a finding that they are entitled to a one-eighth royalty interest.
*792 Lastly, petitioners/plaintiffs’ declaratory judgment action should be dismissed, since a declaratory judgment action is not the proper method of challenging an administrative determination, especially where a legislative enactment is alleged to have been applied in an unconstitutional manner and relief pursuant to CPLR article 78 is available. (See, Greystone Mgt. Corp. v Conciliation & Appeals Bd., 62 NY2d 763 [1984]; DiMiero v Livingston-Steuben-Wyoming County Bd. of Coop. Educ. Servs., 199 AD2d 875 [1993].)
The court has reviewed the petitioners/plaintiffs’ remaining contentions and finds them to be without merit.
Accordingly, for the reasons set forth hereinabove, it is ordered and adjudged that the petition/complaint is hereby dismissed in its entirety.