■ In the Matter of VIRGINIA B. KRUTELL, Respondent, v NEW YORK STATE BOARD OF LAW EXAMINERS, Appellant. [799 NYS2d 680]—

Crew III, J.P. Appeal from a judgment of the Supreme Court (Connor, J.), entered October 14, 2004 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner a passing grade on the February 2003 bar examination.

Petitioner took the New York State bar examination in February 2003 and, on May 21, 2003, she was notified that she failed the exam. As a consequence, petitioner commenced this CPLR article 78 proceeding challenging respondent's grading of her essay questions. Supreme Court found that petitioner's answers to the essay questions were remarkably similar to the sample answers provided by respondent and ordered respondent to conduct a further review of petitioner's answers. Respondent now appeals and we reverse.

Petitioner received an initial exam score of 656, four points shy of a passing grade. Consequently, her essay answers automatically were regraded because her preliminary score was within 10 points of passing (see 22 NYCRR 6000.7 [a]). The regrading was done by six different graders who had not previously reviewed petitioner's essay answers. Petitioner's answers were scored based on a common grading scheme applicable to all candidates who took the exam. The initial essay answer scores and the regraded scores were averaged, producing petitioner's final score, which again produced a failing grade.

We are of the view that there was a rational basis for respondent's determination of petitioner's examination grade. As we previously have stated, in a proceeding such as this, which challenges the pedagogical evaluation of test grades, judicial review is limited to the question of whether the challenged determination is arbitrary and capricious or irrational (see *Matter of Castelle v Commissioner of Educ.*, 228 AD2d 866, 867 [1996], *lv dismissed and denied* 88 NY2d 971 [1996]). Here, Supreme Court impermissibly substituted its own judgment for that of respondent when ordering further review of petitioner's exam answers. Petitioner's answers were anonymously graded and regraded in accordance with a carefully structured and uniform procedure, and petitioner failed to adduce any evidence that the grading of her exam was different than the grading of the exams of the thousands of other applicants who took the bar exam such that it could be said that respondent's conduct was irrational or an abuse of discretion.

Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.