■ In the Matter of PETER MONTELLA, Respondent, v WILLIAM J. BRATTON, as Police Commissioner of the City of New York, et al., Appellants. In the Matter of HOWARD SAFIR, Appellant, v NEW YORK CITY CIVIL SERVICE COMMISSION et al.,

Respondents. CLIFFORD MUNIZ, Respondent, v RUDOLPH W. GIULIANI, as Mayor of the City of New York, et al., Appellants, et al., Respondents. [670 NYS2d 10] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered March 24, 1997, which, in consolidated CPLR article 78 proceedings, sustained the determination of the New York City Civil Service Commission reversing a determination of the Police Commissioner to terminate a police officer's employment and directing such officer's reinstatement, unanimously affirmed, without costs.

Judgment, Supreme Court, New York County (Helen Freedman, J.), entered October 21, 1996, which denied petitioner police officer's application pursuant to CPLR article 78 to compel the New York City Civil Service Commission to hear his appeal of a determination of the Police Commissioner imposing a 20-day suspension, or, in the alternative, to annul such determination, and dismissed the petition, unanimously affirmed, without costs.

The common issue presented by these appeals is whether the New York City Civil Service Commission has subject matter jurisdiction to entertain appeals of disciplinary determinations made by the Commissioner of the New York City Police Department and taken by uniformed members of the force. In the first proceeding, the IAS Court ruled that there was such jurisdiction; in the second, that the application to compel the City Civil Service Commission to hear the appeal was premature since the Commission had not yet refused to hear it, and that petitioner, having previously filed an appeal of the determination with the Commission, was otherwise barred from seeking judicial review of his discipline. We agree with both rulings.

We find that the prior participation of the Police Commissioner in proceedings before the Commission without objecting to its jurisdiction does not estop the municipal appellants from raising the jurisdictional objection in these proceedings (*see, Public Improvements v Board of Educ.*, 56 NY2d 850, *affg* 81 AD2d 537).

Title 14 of the Administrative Code of the City of New York, which confers upon the New York City Police Commissioner the power to discipline members of the force with penalties ranging from reprimand to dismissal (Administrative Code § 14-115 [a]), does not contain any specific provision dealing with appeals of such disciplinary determinations. The gap is filled by Civil Service Law § 15 (4), which empowers New York City to administer the provisions of the Civil Service Law through whatever form of administration it chooses to pre-

scribe in its charter (*Matter of City of New York v City Civ. Serv. Commn.*, 60 NY2d 436, 441); New York City Charter § 813 (d), which confers upon the City Civil Service Commission the powers and responsibilities of a municipal civil service commission under Civil Service Law § 76; and Civil Service Law § 76 (1), which provides, in pertinent part, that "[a]ny officer or employee believing himself aggrieved by a penalty or punishment * * * imposed pursuant to [Civil Service Law § 75] may appeal from such determination either by an application to the state or municipal commission having jurisdiction, or by an application to the court in accordance with the provisions of [CPLR article 78]". Since New York City police officers hold their positions by permanent appointment in the competitive class of the classified civil service, they are covered by these section 76 safeguards (Civil Service Law § 75 [1] [a]; § 44).

Contrary to the position of the municipal appellants, the effect of Civil Service Law § 76 (4) is not the complete preemption of Civil Service Law §§ 75 and 76 by Administrative Code § 14-115 with respect to appeals from police disciplinary determinations, but simply to limit the Commissioner's disciplinary authority "to that which is set forth in the Administrative Code" (*Borges v McGuire*, 107 AD2d 492, 497, citing *Matter of Wein v City of New York*, 56 NY2d 758). Absent a specific Administrative Code provision dealing with appeals of the Police Commissioner's disciplinary determinations, section 14-115 thereof is properly construed as no more than a local law administering Civil Service Law § 75 with respect to City police officers by way of a delegation of authority upon the Police Commissioner to discipline officers in the first instance, within the guidelines set forth in the Administrative Code.

We are not persuaded by appellants' argument that public policy compels leaving police disciplinary matters solely in the hands of the Police Commissioner. While we agree that strict discipline is required by virtue of the police force's status as a paramilitary organization, whose members must be held to the highest standards of conduct (*see, Matter of Caruso v Ward*, 72 NY2d 432, 439), and that the Police Commissioner's disciplinary determinations must be accorded great deference (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 445; *Trotta v Ward*, 77 NY2d 827), we disagree that the Police Commissioner's ability to discipline members of the force would be eroded by permitting disciplined officers to choose between an appeal to the Commission and an article 78 proceeding. *Matter of City of New York v MacDonald* (201 AD2d 258, *lv denied* 83 NY2d 759) does not compel a different conclusion. The issue here

concerns only appeals from disciplinary determinations, and does not implicate the power of the Police Commissioner to discipline members of the force in the first instance.

Having concluded that Civil Service Law § 76 affords officers the option of either article 78 review or an appeal to the City Civil Service Commission, we need not reach the merits of the parties' contentions regarding the disciplinary determinations themselves. Concur—Milonas, J. P., Ellerin, Rubin and Tom, JJ.