■ In the Matter of BYRDIE CHISHOLM, Appellant, v JOHN MARTINEZ, as Chair of the New York City Housing Authority, et al., Respondents. [717 NYS2d 121] —Order, Supreme Court, New York County (William Wetzel, J.), entered on or about November 10, 1999, which, in a proceeding to annul respondents' determination refusing to reinstate petitioner's Section 8 rent subsidy retroactively, granted respondents' cross-motion to dismiss the petition as barred by the Statute of Limitations, unanimously affirmed, without costs.

The proceeding, which seeks to recover retroactive rent subsidies from the time petitioner's benefits were terminated, i.e., from December 31, 1997, until her subsidy was reinstated on July 1, 1999, is time-barred because it was not brought within four months of the date that petitioner was served with notice of the determination terminating her Section 8 subsidy (CPLR 217 [1]; *Matter of Edmead v McGuire*, 67 NY2d 714). Respondent's reinstatement of the subsidy upon petitioner's submission of the necessary recertification paperwork, for lack of which respondent had previously terminated the subsidy, did not involve the sort of "fresh, complete and unlimited examination into the merits" as is necessary to extend the four-month limitations period (*Matter of Camperlengo v State Liq. Auth.*, 16 AD2d 342, 344; *see, Matter of Bonar v Shaffer*, 140 AD2d 153, 156, *lv denied* 73 NY2d 702; *Matter of Davis v Kingsbury*, 30 AD2d 944, *affd* 27 NY2d 567).

We also note that petitioner never included a claim for retroactive payments in her application for reinstatement of benefits. Concur—Sullivan, P. J., Rosenberger, Ellerin, Wallach and Rubin, JJ.