■ In the Matter of EDWARD P. JOHNSON, Respondent, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY et al., Appellants. [717 NYS2d 159] —Order, Supreme Court, New York County (Walter Tolub, J.), entered on or about October 25, 1999, which, in a proceeding pursuant to CPLR article 78 to annul the determination of respondent New York City Civil Service Commission dismissing petitioner's appeal from a determination of respondent Triborough Bridge and Tunnel Authority (TBTA) terminating him from his position as a TBTA officer, granted the petition, vacated and annulled respondent Commission's determination that it lacked subject matter jurisdiction to entertain petitioner's appeal, and remanded the matter to respondent Commission for a new determination consistent with the court's decision, unanimously affirmed, without costs.

In 1989, petitioner, a TBTA officer, was placed on probation for a period of one year pursuant to an agreement in settlement of disciplinary charges. Several months after the commencement of the probationary period, petitioner was injured while on duty and did not return to work until October 1996. In June 1997, following new allegations of misconduct, petitioner was dismissed from his TBTA position without a hearing. It has been the position of the TBTA that petitioner was not entitled to a pretermination hearing since the one-year probationary period agreed to in 1989 had not yet expired, the running of the period, according to the TBTA, having been tolled during petitioner's extended absence from work. The Civil Service Commission dismissed petitioner's appeal from the TBTA's determination to terminate his employment without a hearing, holding that it was without subject matter jurisdiction to consider the appeal since petitioner's termination had been pursuant to the 1989 settlement agreement in which petitioner waived the protections of Civil Service Law § 75 mandating pretermination hearings for permanent employees. In so holding, however, the Commission simply assumed that the waiver contained in the 1989 agreement was still operative. If it was not, petitioner's dismissal would be governed by the provisions of Civil Service Law § 75 and, in that case, the review of his dismissal would fall within the Commission's jurisdiction (*see*, Civil Service Law § 76). Therefore, to determine whether it had jurisdiction, the Commission was bound to construe the 1989 agreement to ascertain whether the waiver therein remained effective at the time of

petitioner's termination. Not having made such a determination the Commission's dismissal of petitioner's appeal on jurisdictional grounds was without basis and, accordingly, subject to judicial annulment and remand for further proceedings. Concur—Mazzarelli, J. P., Wallach, Andrias, Saxe and Buckley, JJ.