OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and the petition dismissed.
Petitioner began working for defendant Triborough Bridge and Tunnel Authority (TBTA) in January 1984 and, one year later, became a permanent employee. On January 15, 1989, petitioner was involved in an after-hours altercation during which his service revolver discharged, resulting in disciplinary charges against him.
On April 12, 1989, petitioner agreed to a settlement of the charges by signing a “Waiver of Section 75 Hearing and Acceptance of Recommended Penalty” in which he (1) waived his *629 right to a disciplinary hearing and appeal authorized by sections 75 and 76 of the Civil Service Law; and, (2) agreed to a probationary period of 12 months “excluding] all time during which [he was] not on duty.” During the probationary period, the TBTA, in its sole discretion, could dismiss petitioner for any new violation of its rules or regulations. These provisions would be automatically abrogated following the 12-month probationary period.
Five months after commencement of the probationary period, petitioner was injured while on duty and was absent from work from August 19, 1989 until October 1996. In June 1997, following allegations that he had abandoned his post without authorization, petitioner was dismissed without a hearing. At that time, petitioner did not bring an article 78 proceeding. Instead, in July 1997, he appealed his termination to the Civil Service Commission, arguing that he was no longer on probation, and therefore was entitled to a hearing pursuant to Civil Service Law § 75. Petitioner argued that his probationary period should be calculated in calendar days while the TBTA argued that the calculation should be based only on the days petitioner actually worked (253 days). The TBTA further contended that the Commission lacked jurisdiction to hear the appeal because petitioner waived his section 75 and 76 rights under the terms of the 1989 settlement agreement. After arguments by both sides, the Commission dismissed the appeal on the ground that it had no jurisdiction.
Petitioner commenced this proceeding pursuant to CPLR article 78. Supreme Court vacated the determination of the Commission and remanded the matter to the Commission to consider whether the petitioner was a permanent employee. The Appellate Division affirmed, holding “the Commission was bound to construe the 1989 agreement to ascertain whether the waiver therein remained effective at the time of petitioner’s termination” (278 AD2d 34-35). We now reverse.
Section 76 of the Civil Service Law solely authorizes the Commission to hear appeals from hearings in connection with disciplinary proceedings under section 75. Here, there was no such proceeding and the Commission therefore had no jurisdiction to hear petitioner’s application to review his discharge which was not effected under section 75 (see, Matter of Montella v Bratton, 93 NY2d 424, 426). Moreover, section 76 (2) limits the Commission’s review to the record and transcript of the disciplinary hearing. Because no record or transcript existed here, the Commission had no power to determine the matter.
*630 Petitioner could have brought an article 78 proceeding* at the time of his dismissal in June 1997 challenging the TBTA’s conclusion that he was a probationary employee. He did not do so. He cannot reassert his contentions by appealing to the Commission because its jurisdiction is explicitly limited to appeals of section 75 determinations (Matter of Bethel v McGrath-McKechnie, 95 NY2d 7; Montiel v Kiley, 147 AD2d 402).
Chief Judge Kaye and Judges Smith, Levine, Cipaeick, Wesley, Rosenblatt and Gkaffeo concur in memorandum.
Order reversed, etc.

 CPLR 7803 (3) authorizes a review of an agency determination that was “made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed.”