■ In the Matter of PETER MONTELLA, Appellant, v HOWARD SAFIR, as Commissioner of Police of the City of New York, et al., Respondents. [736 NYS2d 27] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered August 21, 2000, which, in a proceeding to annul respondent Police Commissioner's determination to dismiss petitioner from his position as a police officer, granted respondent's motion to dismiss the petition as barred by the statute of limitations, and dismissed the petition, unanimously affirmed, without costs.

After a second departmental hearing conducted pursuant to a prior order of this Court annulling a prior determination by respondent to dismiss petitioner from the police force for misconduct (*Matter of Montella v Kelly*, 202 AD2d 241, *lv denied* 83 NY2d 758), respondent again dismissed petitioner in a determination dated March 31, 1995. Petitioner successfully appealed that determination to the Civil Service Commission, but, by decision dated June 8, 1999, the Court of Appeals held

that the Commission lacks authority to review respondent's disciplinary determinations, and that its determination reversing petitioner's dismissal and ordering his reinstatement was therefore "void" (*Matter of Montella v Bratton*, 93 NY2d 424, 432, revg 248 AD2d 134; see also, *Matter of Johnson v Triborough Bridge & Tunnel Auth.*, 97 NY2d 627, 629). On September 29, 1999, petitioner instituted the instant CPLR article 78 proceeding to annul respondent's March 31, 1995 determination, arguing, in opposition to respondent's motion to dismiss on the ground of the four-month statute of limitations, that the proceeding is timely by reason of the six-month extension provided by CPLR 205 (a). The motion court correctly rejected this argument on the ground that since CPLR 205 (a), in terms, refers to the terminated prior proceeding as an "action" and, since "an administrative proceeding is not an action" (*Matter of Fiedelman v New York State Dept. of Health*, 58 NY2d 80, 82, citing, inter alia, CPLR 105 [b]), the appeal before the Civil Service Commission does not qualify as a predicate for a CPLR 205 (a) extension. Nor does it avail petitioner to argue that respondent should be estopped from asserting the statute of limitations because of its failure to object to the Commission's authority until after that body had ruled against it. Indeed, this point was implicitly decided against petitioner in the prior proceeding involving the Commission's authority, when both this Court and the Court of Appeals rejected petitioner's argument that respondent's participation in the Commission's proceeding estopped it from later challenging the Commission's subject matter jurisdiction (248 AD2d, supra, at 135; 93 NY2d, supra, at 432). Pursuit of an unavailable grievance procedure does not toll the statute of limitations (see, *Matter of Majka v Utica City School Dist.*, 247 AD2d 845, 846, citing, inter alia, *Matter of Lubin v Board of Educ.*, 60 NY2d 974, cert denied 469 US 823). It should also be noted that the four-month period for filing a timely article 78 proceeding challenging the March 31, 1995 determination dismissing petitioner from his position expired before respondent was required to answer petitioner's appeal to the Commission. Concur—Mazzarelli, J.P., Sullivan, Wallach, Rubin and Friedman, JJ.