◼ In the Matter of DONALD MAURER et al., Appellants, v STATE EMERGENCY MANAGEMENT OFFICE et al., Respondents. [786 NYS2d 620]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered June 30, 2003 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to compel the payment of certain overtime compensation.

Following the events of September 11, 2001 at the World Trade Center, respondent Division of the Budget, pursuant to an executive order declaring a state emergency, permitted otherwise ineligible employees, such as petitioners, to collect overtime compensation for essential work performed in response to the disaster. The Division of the Budget, however, limited such overtime compensation to a maximum of 12% of an employee's basic salary, or 160 hours at time and a half. Petitioners, employees of respondent Division of Miliary and Naval Affairs, worked overtime at various times between September 11,

2001 and December 31, 2001* and were compensated subject to this 12% cap. Indeed, by the pay period ending on November 7, 2001, each petitioner had reached this cap and, thus, paychecks issued for this particular pay period, and all pay periods thereafter, failed to include any overtime compensation.

In March 2002, certain other employees of the Division of Military and Naval Affairs challenged the 12% cap on their respective salaries in a timely commenced CPLR article 78 proceeding and were ultimately successful (*Matter of Neary v New York State Div. of Budget,* 192 Misc 2d 375 [2002]). Specifically, Supreme Court (Malone, Jr., J.) found that the Division of the Budget was not authorized to limit overtime compensation during an extreme emergency (*id.* at 379). Unlike the petitioners in *Neary,* however, petitioners in this proceeding never commenced a CPLR article 78 proceeding challenging the cap on their overtime compensation. Nor did any petitioner seek to intervene in the *Neary* proceeding even though it was known by June 14, 2002, at the very latest, that such litigation had ensued.

It was not until January 23, 2003 that petitioners commenced this proceeding in the nature of a mandamus to compel. Alleging that they were "similarly situated" to the petitioners in *Neary,* petitioners claimed that respondents were obligated to compensate them for all overtime hours worked in connection with the World Trade Center disaster and that their failure to do so was not only arbitrary and capricious but in violation of their equal protection rights. Supreme Court dismissed the petition (196 Misc 2d 750 [2003]), prompting this appeal.

By failing to timely commence their own CPLR article 78 proceeding to review the cap on their overtime compensation, petitioners have not demonstrated a clear legal right to the relief sought in this proceeding and thus a mandamus to compel does not lie (*see New York City Health & Hosps. Corp. v McBarnette,* 84 NY2d 194, 206 [1994]). We are unpersuaded by the contention that *Matter of Jones v Berman* (37 NY2d 42 [1975]), among other authority, warrants relief under the "governmental operations rule." As noted by the Court of Appeals, the holding in *Jones* "concerns itself only with the inefficiency of using the class action form when the *prospective* rights of interested nonlitigants can be safeguarded by other means" (*New York City Health & Hosps. Corp. v McBarnette, supra* at 206 [emphasis in original]). The Court made clear, however, that

---

* While a record maintained by the Division of the Budget indicates that two petitioners worked overtime between December 20, 2001 and January 2, 2002, we note that the subject overtime authorization expired on December 31, 2001.

"[n]othing in the *Jones* decision suggests that the same policies justify either the use of a long limitations period or the creation of a toll solely to enable aggrieved parties to sit on their existing rights pending the *outcome of an early challenge brought by others*" (*id.* at 206). Here, petitioners lost the right to challenge the cap on their overtime compensation by their own inaction.

We next reject petitioners' alternative claim that this proceeding, if analyzed as a mandamus to review, is not time-barred because no final determination triggered the four-month statute of limitations. " 'A challenged determination is final and binding when it "has its impact" upon the petitioner who is thereby aggrieved' " (*Matter of Crest Mainstream v Mills,* 262 AD2d 846, 847 [1999], quoting *Matter of Edmead* [citation omitted]; *see Langham v State of New York,* 124 AD2d 405 [1986], *lv denied* 69 NY2d 605 [1987]). Applying this standard to the facts of this case, we find that petitioners were all impacted by the decision to cap their overtime compensation following the issuance of their paychecks for the pay period starting on October 24, 2001 and ending on November 7, 2001, i.e., on or around November 21, 2001. Indeed, no paycheck issued after this time contained any overtime compensation for any petitioner.

Even affording petitioners liberal leeway on this issue, they certainly knew by January 2002, after the period for authorized overtime compensation had expired, that their overtime had been capped. The record further contains a letter dated June 14, 2002 from petitioners' attorney to certain respondents which makes clear that petitioners knew by this date that their overtime compensation had been capped and that others (i.e., the *Neary* petitioners) were thus compelled to commence a CPLR article 78 proceeding to challenge it. Notwithstanding, they never commenced their own CPLR article 78 proceeding to challenge the cap nor did they attempt to intervene in the *Neary* litigation. Under these circumstances, any mandamus to review the cap on their overtime is time-barred.

To the extent not discussed, petitioners' remaining contentions have been reviewed and found to be unpersuasive.

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs. [*See* 196 Misc 2d 750.]