[18 NE3d 377, 993 NYS2d 666]

In the Matter of THOMAS P. O'NEILL et al., Appellants-Respondents, v ANN PFAU, as Chief Administrative Judge of the Office of Court Administration, State of New York—Unified Court System, Respondent-Appellant.

Argued May 7, 2014; decided June 12, 2014

994

**APPEARANCES OF COUNSEL**

*Law Offices of David Schlachter*, Uniondale (*David Schlachter* of counsel), for appellants-respondents.

*John W. McConnell, New York State Office of Court Administration*, New York City (*Lee Alan Adlerstein* and *Pedro Morales* of counsel), for respondent-appellant.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed, without costs, and the certified question answered in the affirmative.

In this proceeding pursuant to CPLR article 78, petitioners challenge certain administrative orders of the Chief Administrative Judge of the State of New York (CAJ) dated January 8, 2004 (AO/072/04) and December 22, 2004 (AO/534/04), and seek

to compel the CAJ to pay New York State Court Officers employed in Suffolk County a salary increment reflecting a continuous service credit, in accordance with those orders. The January 2004 order abolished the position of Court Officer (a salary grade of JG-16) and replaced it with the new position of New York State (NYS) Court Officer (a salary grade of JG-17). The CAJ treated the new title as a reclassification pursuant to Judiciary Law § 37 (5), rather than pursuant to section 37 (3) (c), or a reallocation pursuant to section 37 (11). As a result, petitioners did not receive the continuous service credit they would have received if the new title had been treated as a reallocation. The December 2004 order increased the salary grade of NYS Court Officer from JG-17 to JG-18, retroactive to January 8, 2004.

Petitioners allege that pursuant to Judiciary Law § 37, both orders should have been treated as reallocations, not reclassifications. They claim that the January 2004 order denied them continuous service credit towards longevity increments for time worked in their former title, and that the December 2004 order adjusting their salary grade to JG-18, which was retroactive to January 8, 2004 rather than prospective, deprived them of salary increases to which they were entitled.

Petitioners' challenge to the January 2004 order is time-barred. On April 7, 2004, employees whose title changed from Court Officer to NYS Court Officer received their first paychecks reflecting the increase to JG-17, without continuous service credit. The order impacted petitioners on that date, and thus they were aggrieved on that date (see generally Matter of Edmead v McGuire, 67 NY2d 714, 716 [1986]; see also Matter of Maurer v State Emergency Mgt. Off., 196 Misc 2d 750 [Sup Ct, Albany County 2003], affd 13 AD3d 751 [3d Dept 2004] [receipt of paycheck without overtime pay starts running of the statute of limitations for an article 78 proceeding to challenge failure to pay overtime]). Petitioners did not commence this proceeding until July 2005, more than one year after receiving their paychecks. Therefore, their claim regarding the January 2004 order is untimely (see CPLR 217).

Contrary to petitioners' assertion, the December 2004 order did not extend the four-month limitations period in which they were required to challenge the earlier order. The January 2004 order involved the CAJ's decision to eliminate the distinctions between officers in lower courts and superior courts, merge the titles of Court Officer and Senior Court Officer into the new

title of NYS Court Officer, and create a new entry-level position. In contrast, the December 2004 order simply assigned a JG-18 grade for the new title of NYS Court Officer and thus "did not involve the sort of fresh, complete and unlimited examination into the merits as is necessary to extend the four-month limitations period" (*Matter of Chisholm v Martinez*, 277 AD2d 166, 167 [1st Dept 2000] [internal quotation marks omitted]).

Finally, we agree with the Appellate Division that because the record contains no explanation or rationale for the retroactive application of the December 2004 order, petitioners have demonstrated their entitlement to the relief sought as to that order.

Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur; Chief Judge LIPPMAN taking no part.

Order affirmed, without costs, and certified question answered in the affirmative, in a memorandum.