Aarons, J.
Appeal from a judgment of the Supreme Court (Hard, J.), entered July 15, 2015 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner’s request for overtime compensation.
Petitioner was employed as an investigator in respondent’s Protective Services Unit (hereinafter PSU) from 2008 to 2012. As a result of a 2001 pilot program and a subsequent modification thereto in 2008, PSU investigators began accruing overtime after being credited with 168 hours of work within a four-week period. Non-PSU investigators, however, began accruing overtime after being credited with 160 hours of work within a four-week period. After an investigator expressed concerns to the detail commander about this discrepancy in how PSU investigators and non-PSU investigators accrued overtime, in July 2014, respondent changed its overtime policy such that PSU investigators, as of August 2014, would begin accruing overtime after being credited with 160 hours of work within a four-week period. This policy change applied prospectively only, and PSU investigators were made aware of this new policy change on August 25, 2014.
Petitioner commenced this CPLR article 78 proceeding on November 7, 2014, seeking to have respondent’s new overtime policy applied retroactively and directing respondent to award petitioner unpaid overtime wages for the period between 2008 and 2012. Supreme Court dismissed the petition and this appeal by petitioner ensued.
To the extent that petitioner seeks to compel respondent to award him unpaid overtime during the period between 2008 and 2012, such claim is untimely. The petition alleged that respondent violated Civil Service Law § 134 (1) by failing to pay petitioner overtime rates for each hour worked over 160 hours in a consecutive four-week work period. Assuming, *1336 without deciding, that petitioner is governed by Civil Service Law § 134 (1), petitioner was aware of the amount of hours that he worked in excess of 160 hours during a consecutive four-week work period between 2008 and 2012. If, as petitioner claims, respondent failed to pay him overtime due for that time period, it was incumbent upon petitioner to commence a CPLR article 78 proceeding within four months after the receipt of his last paycheck inasmuch as his claim for overtime back pay continuously accrued upon his receipt of each paycheck between 2008 and 2012 (see CPLR 217 [1]; Matter of O’Neill v Pfau, 23 NY3d 993, 995 [2014]). Given that petitioner did not commence this proceeding until 2014, two years after he received his last paycheck, petitioner’s claim seeking a mandamus to compel is untimely.
Contrary to petitioner’s assertion, respondent’s overtime policy change issued in August 2014 does not alter this conclusion. Petitioner’s alleged grievance that he was not paid duly owed overtime wages between 2008 and 2014 in contravention of Civil Service Law § 134 (1) existed irrespective of the new policy. Also, in our view, the meeting that resulted in the August 2014 policy change did not constitute a “fresh, complete and unlimited examination” of the overtime policy so as to extend the statute of limitations (Raykowski v New York City Dept. of Transp., 259 AD2d 367, 368 [1999] [internal quotation marks and citation omitted]; see Matter of Chisholm v Martinez, 277 AD2d 166, 167 [2000]).
We also disagree with petitioner’s assertion that respondent’s determination to apply the new overtime policy only prospectively, and not retroactively, from August 2014 was arbitrary and capricious. This determination was discussed and considered at a meeting, and the ultimate decision to apply the policy prospectively stemmed from a “general consensus” of those present at the meeting. In particular, it was noted that a retroactive application would require respondent to pick an arbitrary cutoff date as to how far back to apply the new policy and would involve a significant undertaking to determine the specific amounts owed to a PSU investigator in light of the turnover of investigators in the PSU. Furthermore, there is no indication that the discrepancy in calculating the overtime stemmed from any intent to treat PSU investigators differently from non-PSU investigators. Under these circumstances, we cannot say that respondent’s determination was taken without sound basis in reason or regard to the facts (see Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; Matter of Goodfellow v Bahou, 92 AD2d 1085, 1085-1086 [1983], lv denied *1337 59 NY2d 606 [1983]; compare Matter of O’Neill v Pfau, 23 NY3d at 996).
Petitioner’s remaining contention has been examined and is found to be without merit.
Peters, P.J., Lynch, Devine and Clark, JJ., concur.
Ordered that the judgment is affirmed, without costs.