■ In the Matter of DENNIS W. QUIRK, Appellant-Respondent, v JONATHAN LIPPMAN, Respondent-Appellant. [68 NYS3d 39]—

Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered July 21, 2016, denying the petition as time-barred to the extent it seeks retroactive salary adjustments and granting it to the extent it seeks "prospective relief," unanimously modified, on the law, to deny the petition as time-barred as to "prospective relief," and otherwise affirmed, and the proceeding is dismissed, without costs.

Petitioner, individually and as president of the New York State Court Officers Association (NYSCOA), seeks to compel respondent to pay NYSCOA members a salary adjustment retroactive to December 22, 2004, following *O'Neill v Pfau* (31 Misc 3d 184 [Sup Ct, Suffolk County 2011], *affd as modified* 101 AD3d 731 [2d Dept 2012], *affd* 23 NY3d 993 [2014] [*O'Neill*]). As this proceeding was commenced nearly a decade after petitioner and the NYSCOA members were aggrieved by respondent's challenged administrative order, it is time-barred.

In *O'Neill*, a group of Suffolk County court officers challenged an administrative order issued by respondent in January 2004 that reclassified various court officers' employment titles, affecting their compensation, and an administrative order issued December 22, 2004, that made an upward salary adjustment to

those titles, retroactive to January 2004. The petitioners argued that the effect of applying the December 2004 order retroactively would be to deprive them of a year of continuous service credit to which they otherwise would be entitled. On April 6, 2005, respondent issued pay checks reflecting the salary adjustments ordered in December 2004, without continuous service credit.

The Suffolk County petitioners commenced their proceeding on July 22, 2005. Ultimately it was determined, inter alia, that respondent had acted arbitrarily and without a rational basis in making the December 2004 order retroactive to January 2004. The Court of Appeals issued its decision in *O'Neill* in June 2014, and some three months later respondent made retroactive payments to the Suffolk County court officers in accordance with the decision.

Petitioner then requested that respondent recalculate the salaries of NYSCOA members in accordance with *O'Neill*. Respondent refused, and in January 2015 petitioner commenced this proceeding.

A cause of action challenging an administrative body's payment of salary or pay adjustments accrues when the petitioner receives a check or salary payment reflecting the relevant administrative order (*O'Neill*, 23 NY3d at 995). Like the Suffolk County court officers, petitioner and the NYSCOA members received their first paycheck reflecting the December 2004 order in April 2005. Thus, the four-month statute of limitations had run (CPLR 217 [1]) long before they commenced this proceeding.

The time-barred claims may not be revived by recourse to equal protection principles (*see New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 205-206 [1994]). There is no toll that exists "solely to enable aggrieved parties to sit on their existing rights pending the outcome of an early challenge brought by others" (*id.*).

Moreover, as petitioner brought this proceeding nearly 10 years after the four-month statute of limitations had begun to run, he had no more timely cause of action for "prospective" relief than he had for the retroactive pay adjustment he sought. Indeed, there is no legal basis for a distinction between "prospective" and "retroactive" relief here. In failing to challenge the administrative order in a timely fashion, petitioner waived any right to the benefit of legal review of the December order, whatever its implications for the future.

We have considered petitioner's remaining contentions and find them unavailing. Concur—Friedman, J.P., Kahn, Gesmer, Kern and Moulton, JJ.