Matter of Imandt v New York State Unified Ct. Sys. (2019 NY Slip Op 00595)





Matter of Imandt v New York State Unified Ct. Sys.


2019 NY Slip Op 00595


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2015-10841
 (Index No. 1762/15)

[*1]In the Matter of William S. Imandt, etc., et al., respondents-appellants, 
v
New York State Unified Court System, et al., appellants-respondents.


John W. McConnell, New York, NY (Lee Alan Adlerstein and Pedro Morales of counsel), for appellants-respondents.
Greenberg Burzichelli Greenberg P.C., Lake Success, NY (Seth H. Greenberg and Genevieve E. Peeples of counsel), for respondents-appellants.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for a declaratory judgment, the New York State Unified Court System and A. Gail Prudenti appeal, by permission, and William S. Imandt, Peter A. Piciulo, and David M. Cook cross-appeal, by permission, from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered September 1, 2015. The order, insofar as appealed from, granted the petition pursuant to CPLR article 78 to the extent of remitting the matter to the Chief Administrative Judge of the Courts of the State of New York for the purpose of recalculating the salaries of persons assigned to the New York State Court Officer title in Nassau County due to the issuance of an administrative order dated December 22, 2004. The order, insofar as cross-appealed from, in effect, directed the dismissal of the causes of action seeking a declaratory judgment.
ORDERED that the order is reversed insofar as appealed from, on the law; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment denying the petition and dismissing the proceeding/action; and it is further,
ORDERED that one bill of costs is awarded to the New York State Unified Court System and A. Gail Prudenti.
In O'Neill v Pfau (31 Misc 3d 184 [Sup Ct, Suffolk County], mod 101 AD3d 731, affd 23 NY3d 993) (hereinafter O'Neill), a group of Suffolk County court officers successfully challenged a December 22, 2004, administrative order of the Chief Administrative Judge of the Courts of the State of New York (hereinafter the CAJ). The Court of Appeals determined that the retroactive application of the December 2004 administrative order was arbitrary and capricious. The [*2]Court of Appeals issued its decision in O'Neill in June 2014, and the CAJ thereafter made retroactive payments to the Suffolk County court officers in accordance with the decision.
The Court Officers Benevolent Association of Nassau County (hereinafter COBANC) then requested that the CAJ recalculate the salaries of COBANC members in accordance with O'Neill. After no response was received, the President of COBANC and individual Nassau County court officers (hereinafter collectively the court officer parties) commenced this hybrid proceeding pursuant to CPLR article 78 and action for a declaratory judgment on behalf of themselves and others similarly situated, seeking, inter alia, to compel the New York State Unified Court System and A. Gail Prudenti, as Chief Administrative Judge (hereinafter together the State parties), to pay COBANC members a salary adjustment retroactive to December 22, 2004, in the same manner as the State parties did for the O'Neill litigants, and for related declaratory relief. The Supreme Court, inter alia, determined that the petition was not time-barred and granted the petition to the extent of remitting the matter to the CAJ for the purpose of recalculating the salaries of COBANC members serving in the New York State Court Officer title in Nassau County, based on the prospective application of the December 2004 administrative order, as was directed in O'Neill. The court further determined that the declaratory judgment causes of action were without merit, in effect, directing the dismissal of those causes of action. The State parties appeal from so much of the order as partially granted the petition, and the court officer parties cross-appeal from so much of the order as, in effect, dismissed the declaratory judgment causes of action.
A challenge to an administrative determination must be brought within four months of the time the determination is "final and binding upon the petitioner" (CPLR 217[1]). A challenge to an administrative body's payment of salary or pay adjustments accrues when the petitioner receives a check reflecting the relevant administrative order (see Matter of O'Neill v Pfau, 23 NY3d at 995; Matter of Maurer v State Emergency Mgt. Off., 13 AD3d 751, 753). Like the Suffolk County court officers, COBANC members received their first paycheck reflecting the December 2004 administrative order in April 2005.
While COBANC requested reconsideration of the December 2004 administrative order as applied to its members, a request for reconsideration does not toll or revive the statute of limitations (see Matter of Lubin v Board of Educ. of City of N.Y., 60 NY2d 974, 976; Tornheim v Fiala, 136 AD3d 797, 797). Nor may a party circumvent the statute of limitations by demanding that an agency change its determination and seeking mandamus to compel when that demand is refused (see Matter of Metropolitan Museum Historic Dist. Coalition v De Montebello, 20 AD3d 28, 36; Matter of Sierra Club v Power Auth. of State of N.Y., 203 AD2d 15, 16). Accordingly, to the extent that the court officer parties seek review of the December 2004 administrative order pursuant to CPLR article 78, the petition is untimely by almost 10 years (see Matter of Quirk v Lippman, 156 AD3d 516, 517).
The causes of action seeking declaratory relief are similarly time-barred. Where a declaratory judgment action could have been brought pursuant to CPLR article 78, the four-month statute of limitations applicable to such proceedings applies (see CPLR 217[1]; Matter of Banos v Rhea, 25 NY3d 266, 276; Lenihan v New York, 58 NY2d 679, 682; Solnick v Whalen, 49 NY2d 224, 229). Here, the court officer parties' contentions that the CAJ's actions violated the Civil Service Law and Equal Protection guarantees were proper grounds for a challenge under CPLR article 78, and the same four-month statute of limitations applied to their requests for declaratory relief. Contrary to the court officer parties' contention, "[t]he time-barred claims may not be revived by recourse to equal protection principles" (Matter of Quirk v Lippman, 156 AD3d at 517; see New York City Health & Hosps. Corp. v McBarnette, 84 NY2d 194, 206). Indeed, there is no toll that exists "solely to enable aggrieved parties to sit on their existing rights pending the outcome of an early challenge bought by others" (New York City Health & Hosps. Corp. v McBarnette, 84 NY2d at 206; see Matter of Maurer v State Emergency Mgt. Off., 13 AD3d at 752-753).
Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding/action in its entirety. Although this is, in part, a declaratory judgment action, since the [*3]causes of action seeking declaratory relief were untimely, they should be dismissed without the entry of any declaration (see Matter of New Surfside Nursing Home, LLC v Daines, 22 NY3d 1080; cf. Lanza v Wagner, 11 NY2d 317, 334).
CHAMBERS, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court