Matter of Salomon v Town of Wallkill (2019 NY Slip Op 05671)





Matter of Salomon v Town of Wallkill


2019 NY Slip Op 05671


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-05650
 (Index No. 7740/17)

[*1]In the Matter of Jessenia Salomon, appellant,
v
Town of Wallkill, respondent.


O'Neil & Burke, LLP, Poughkeepsie, NY (William T. Burke of counsel), for appellant.
Blustein, Shapiro, Rich & Barone, LLP, Goshen, NY (William A. Frank of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated April 6, 2018. The order and judgment granted the respondent's motion to dismiss the petition, and, in effect, dismissed the petition.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of her employer, the Town of Wallkill, to classify her as an employee hired after December 31, 2014, subject to a 15% health insurance premium contribution requirement under the applicable collective bargaining agreement, as amended. The Town moved to dismiss the petition as untimely, among other grounds. In an order and judgment dated April 6, 2018, the Supreme Court granted the Town's motion and, in effect, dismissed the petition. The petitioner appeals.
A challenge to an administrative determination must be commenced within four months of the time the determination is "final and binding upon the petitioner" (CPLR 217[1]). "A challenged determination is final and binding when it has its impact' upon the petitioner who is thereby aggrieved" (Matter of Edmead v McGuire, 67 NY2d 714, 716, quoting Mundy v Nassau County Civ. Serv. Commn., 44 NY2d 352, 357). An administrative determination regarding payment of salary or pay adjustments is final and binding, and a challenge thereto accrues, when the petitioner receives a check or salary payment reflecting the administrative determination (see Matter of O'Neill v Pfau, 23 NY3d 993, 995; Matter of Imandt v New York State Unified Ct. Sys., 168 AD3d 1051, 1052; Matter of Quirk v Lippman, 156 AD3d 516, 517; Matter of Maurer v State Emergency Mgt. Off., 13 AD3d 751, 753).
Contrary to the petitioner's contention, the continuing wrong doctrine does not apply here to toll the statute of limitations (see generally Capruso v Village of Kings Point, 23 NY3d 631, 639). The doctrine "may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct" (Selkirk v State of New York, 249 AD2d 818, 819; see Peckham v Island Park Union Free Sch. Dist., 167 AD3d 641, 642). "The distinction is between a single [*2]wrong that has continuing effects and a series of independent, distinct wrongs" (Henry v Bank of Am., 147 AD3d 599, 601 [internal quotation marks omitted]). Here, the Town made the determination to classify the petitioner as an employee hired after December 31, 2014, subject to a 15% health insurance premium contribution requirement, as reflected in her first paycheck issued in April 2015, more than two years prior to the commencement of this proceeding. Each subsequent paycheck deduction "represent[ed] the consequences of [that allegedly] wrongful act[ ] in the form of continuing damages," and was not an independent wrong in itself (Henry v Bank of Am., 147 AD3d at 602).
Further, the petitioner's untimely filing of a grievance did not toll the statute of limitations (see Matter of Lubin v Board of Educ. of City of N.Y., 60 NY2d 974, 976; Matter of Montella v Safir, 290 AD2d 261, 262; Matter of Majka v Utica City School Dist., 247 AD2d 845, 846; Bitterman v Herricks Teachers' Assn., 220 AD2d 473, 474). Accordingly, we agree with the Supreme Court's determination dismissing the petition as untimely.
In light of our determination, we need not address the parties' remaining contentions.
CHAMBERS, J.P., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court