Matter of Karam v County of Rensselaer (2024 NY Slip Op 06263)

Matter of Karam v County of Rensselaer

2024 NY Slip Op 06263

Decided on December 12, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 12, 2024

CV-23-1929
[*1]In the Matter of James Karam, Appellant,
v
County of Rensselaer et al., Respondents.

Calendar Date:October 7, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and McShan, JJ.

The Tuttle Law Firm, Clifton Park (James B. Tuttle of counsel), for appellant.
Bolaños Lowe PLLC, Pittsford (Karlee BolaÑos of counsel), for respondents.

Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Laura M. Jordan, J.), entered September 18, 2023 in Rensselaer County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Petitioner is a correction lieutenant with the Rensselaer County Sheriff's office who stopped working in August 2012 and, in November 2012, was determined to have sustained an injury in the performance of his duties that entitled him to "the full amount of his . . . regular salary or wages" so long as he remained disabled (General Municipal Law § 207-c [1]). He has not returned to work since. Respondent County of Rensselaer had a practice during that period of paying longevity stipends to correction lieutenants — who were not unionized — on the anniversary date of their hiring.[FN1] The County paid a longevity stipend of $2,190 to petitioner in September 2012 to represent the work he had done in the preceding year, but did not pay him a longevity stipend in September 2013. The County made no further longevity stipend payments to petitioner, but has continued to pay longevity stipends to the other correction lieutenants who were working.
Petitioner commenced this CPLR article 78 proceeding in May 2023 and argued, in relevant part, that the longevity stipends were part of the "regular salary or wages" to which he was entitled under General Municipal Law § 207-c and that the County was obliged to pay him stipends from 2013 onward and to include them in his future disability benefits. In lieu of serving an answer, respondents moved to dismiss the petition because, among other things, it was time-barred. Supreme Court agreed and granted the motion, prompting this appeal.
We affirm. Initially, "[a]n administrative determination regarding payment of salary or pay adjustments is final and binding, and a challenge thereto accrues, when the petitioner receives a check or salary payment reflecting the administrative determination" (Matter of Salomon v Town of Wallkill, 174 AD3d 720, 721 [2d Dept 2019]; see Matter of O'Neill v Pfau, 23 NY3d 993, 995 [2014]; Matter of Imandt v New York State Unified Ct. Sys., 168 AD3d 1051, 1052 [2d Dept 2019], lv denied 33 NY3d 907 [2019]; Matter of Maurer v State Emergency Mgt. Off., 13 AD3d 751, 753 [3d Dept 2004]). It is undisputed here that the County paid petitioner disability benefits in September 2013 but did not pay him the longevity stipend he had received in previous years. Petitioner's contention that the continuing wrong doctrine tolled the statute of limitations after that point is unpersuasive because his claim arose out of a single alleged wrong — namely, the determination in 2013 that he would not be paid a longevity stipend for years in which he had performed no work — that led to continuing effects (see Matter of Blaize v New York City Dept. of Educ., 205 AD3d 871, 874-875 [2d Dept 2022]; Matter of Salomon v Town of Wallkill, 174 AD3d at 721-722; Fern v International Bus. Machs. Corp., 204 AD2d [*2]907, 908 [3d Dept 1994]). Thus, as the statute of limitations began to run in September 2013 and this proceeding was commenced almost 10 years later in May 2023, the proceeding is time-barred regardless of whether the applicable statute of limitations is four months (see CPLR 217 [1]) or one year (see CPLR 215 [1]). Supreme Court correctly determined as much.
Aarons, Pritzker, Lynch and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: The County recognized a union representing the correction lieutenants in January 2023, but the record does not reveal when a collective bargaining agreement governing the terms and conditions of their employment was reached.